IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TIMOTHY ESCH, PAUL ESCH,<br>DAVID ESCH, REGINA WORTHINGTON,<br>RAYMOND ESCH, JUDY ESCH BROWN,<br>DONALD ESCH, and L J FARMS,<br>a Partnership,<br><br>Plaintiffs,<br><br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br>No. 06-658C<br>(Judge Braden) |

DEFENDANT'S MOTION TO DISMISS FOR LACK
OF SUBJECT-MATTER JURISDICTION AND FOR FAILURE
TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims, the United States respectfully requests that the Court dismiss the complaint for lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted.

## INTRODUCTION

With a few immaterial exceptions, plaintiffs' complaint is a verbatim copy of a complaint that they filed in this Court more than six years ago. This Court entered a final judgment dismissing that complaint on the merits, and plaintiffs voluntarily abandoned an appeal to the United States Court of Appeals for the Federal Circuit. Accordingly, plaintiffs' attempt at a second try is barred by res judicata. On this basis alone, the complaint should be dismissed.

Additionally, the complaint is clearly outside the Tucker Act's six-year statute of limitations. Plaintiffs seek relief for the Government's alleged breach of a settlement agreement. They claim that the government breached the settlement agreement by withholding agricultural

entitlement payments from them. The last such withholding – known technically as an "administrative offset" – occurred on November 3, 1999 – more than six years before plaintiffs' September 18, 2006 complaint in this case. Indeed, plaintiffs filed their first complaint in this Court more than six years before they filed their current complaint. This Court therefore lacks jurisdiction because plaintiffs' complaint is untimely.

This case is barred and should be dismissed.

## ISSUES PRESENTED

Does the complaint fail to state a claim upon which relief may be granted because plaintiffs' claims are bared by the res judicata effect of a final judgment the Court reached in an identical case that plaintiffs filed in 2000?

In the event that res judicata does not apply, does the Court lack jurisdiction because plaintiffs' claims fall outside the six-year statute of limitations?

## STATEMENT OF FACTS

In 1984 plaintiffs (or their predecessors-in-interest)[1] obtained approximately $835,000 in agricultural loans from the Farm Service Administration ("FSA"),[2] a component of the Department of Agriculture ("USDA"). Compl. ¶ 11. Plaintiffs pledged land in Baca County, Colorado, ("the Baca County land") as security for these loans. Id. ¶ 12. They also pledged "the rents, issues, . . . profits, . . . revenues, and income" from the Baca County land. Compl. Ex. B.

---

[1] Plaintiffs and their predecessors-in-interest consist of members of the Esch family, their spouses, or partnerships comprising members of the Esch family. See Compl. ¶¶ 4, 13, 20-21. This succession of interests is not material for purposes of this motion.

[2] The FSA, at the time, was known as the Farmers Home Administration. For convenience, we simply refer to both agencies as "FSA" in this motion.

In 1986, plaintiffs enrolled the Baca County land in the Conservation Reserve Program ("CRP"), a federal subsidy program operated by the Commodity Credit Corporation ("CCC"), a different component of the USDA than the FSA. Id. ¶ 14-15. Under the CRP, the CCC pays farmers to remove land from agricultural production. Plaintiffs allege that they removed portions of their land from production, but did not receive CRP payments. Id. ¶ 16. They sued the Government in Federal district court, and the parties ultimately reached a settlement on August 28, 1990. Id. ¶ 18. Under the terms of the settlement, plaintiffs received $1,087,819.40. Id. The settlement agreement contained the following release clauses:

> The Eschs, LJ Farms, and the CCC have been engaged in a dispute concerning the application of the payment limitation concerning annual commodity support benefits from the USDA and concerning the Conservation Reserve Program . . . . This agreement is intended as, and is, a full resolution of that controversy for those programs for all crop years 1984-1989 and all claims between the parties for those crop years concerning the USDA annual commodity support programs and the CRP.
>
> . . .
>
> RESOLUTION OF CLAIMS. This agreement resolves all claims, including costs and fees, for 1984-89 between the parties for annual commodity support programs and the CRP.

Compl. Ex. A, at 1, 8. Plaintiffs' claim that these clauses released them from having to repay their agricultural loans with FSA. Compl. ¶ 31.

In 1996, plaintiffs entered into a production flexibility contract ("PFC"), another type of agricultural subsidy from which plaintiffs would receive payments. Id. ¶ 24. Although plaintiffs initially received a payment from the PFC program, id. ¶ 25, on September 20, 1996, the FSA informed plaintiffs that their payments would be administratively offset (i.e. withheld) because

plaintiffs had converted security property for the 1984 loans, id. ¶ 27 and Compl. Ex. B. The specific security property that FSA referred to were the proceeds of the 1990 settlement, which FSA claimed were part of the "the rents, issues, . . . profits, . . . revenues, and income" of the Baca County land. Compl. Ex. B. Ultimately, the FSA withheld $843,293.30 in PFC payments from plaintiffs. Compl. at 5. The last offset occurred on November 3, 1999. See Decl. of Scott A. Miller ("Miller Decl.") (Ex. 1).[3]

Plaintiffs thereafter initiated and lost a lawsuit in the United States District Court for the District of Colorado, challenging the administrative offsets. See Esch v. Veneman, No. 00-M-957 (D. Co. July 16, 2004) (Ex. 2). They also filed a lawsuit in this Court that is identical to the one currently before the Court. See Compl., Esch v. United States, No. 00-529C (Fed Cl. filed Aug. 31, 2000) (Ex. 3). As in the present case, in the former action in this Court, plaintiffs sought millions of dollars from the United States as damages for its alleged breach of the 1990 settlement agreement. Id.; Compl. at 5.

On June 29, 2001, this Court granted the United States' motion to dismiss the former action for failure to state a claim upon which relief may be granted.[4] Esch v. United States, 49 Fed. Cl. 631 (2001) (Ex. 4). The Court found that plaintiffs action was barred by the settlement agreement, which it found waived all claims except for the specific enforcement of the contract. Id. at 634-35. It also found that it lacked subject-matter jurisdiction. Id. Plaintiffs initially

---

[3] Materials designated "Ex. ___" refer to the exhibits filed in support of this motion.

[4] The United States moved for dismissal for lack of subject-matter jurisdiction, pursuant to 28 U.S.C. § 1500. It also, however, challenged plaintiffs' claims upon the merits. The Court found it possessed jurisdiction, but agreed with the Government's merits challenges. Esch, 49 Fed. Cl. at 632-34. Accordingly, the Court treated the Government's motion as one for dismissal for failure to state a claim and granted it.

appealed to the Federal Circuit, but ultimately asked that court to dismiss their appeal, which it did. See Pls Mot. Voluntarily Dismiss App., Esch v. United States, No. 01-5145 (Fed. Cir. filed Nov. 26, 2001) (Ex. 5); Esch v. United States, No. 01-5145, 25 Fed. Appx. 942 (Fed. Cir. Dec. 5, 2001) (Ex. 6).

On September 18, 2006, more than six years after the filing of their first action, plaintiffs filed the virtually identical complaint in this case.

## ARGUMENT

### I. Standard Of Review

In resolving a motion to dismiss for lack of subject-matter jurisdiction and failure to state a claim upon which relief may be granted, this Court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 747 (Fed. Cir. 1988). The Court will grant a motion only when it is clear that the plaintiff can prove no set of facts that would entitle the plaintiff to relief. Hall v. United States, -- Fed. Cl.–, No. 05-517C, 2006 WL 3093979 (Oct. 31, 2006); Holland v. United States, 59 Fed. Cl. 735, 738 (2004).

This Court – like any other court – possesses no jurisdiction to hear claims against the United States absent a waiver of sovereign immunity. Hart v. United States, 910 F.2d 815, 817 (Fed. Cir. 1990). The six-year statute of limitations applicable in this Court conditions the United States' waiver of sovereign immunity and is jurisdictional. 28 U.S.C. § 2501; Hart, 910 F.2d at 817.

## II. This Case Is Clearly Barred By Res Judicata

As discussed above, plaintiffs in 2000 filed an action in this Court asserting the same legal theories and the same claims that they now bring again. The Court's dismissal of that action for failure to state a claim constitutes a judgment on the merits. Given that plaintiffs voluntarily agreed to dismiss their appeal, this case is barred by res judicata.

Res judicata, or "claim preclusion," applies to bar parties from litigating claims that were brought in prior litigation. Mayer/Berkshire Corp. v. Berkshire Fashions, Inc., 424 F.3d 1229, 1232 (Fed. Cir. 2005). The doctrine bars a second suit when (1) the suits involve the same parties or their privies; (2) the earlier suit resulted in a final judgment on the merits; and (3) the second suit "is based on the same transactional facts as the first." Id. In the present case, the Court is faced with the same parties,[5] the same facts, the same claims, and the same legal theories that this Court already rejected on the merits in its decision in 2001. Specifically, plaintiffs claim here, just like they claimed in 2000, that the Government breached the 1990 settlement agreement by issuing administrative offsets against their subsidy payments. See Esch, 49 Fed. Cl. 631 (2001). This Court's 2001 dismissal for failure to state a claim constitutes a final judgment for res judicata purposes on the merits of plaintiffs' claims. See Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995) ("The rules of finality . . . treat a dismissal for failure to state a claim . . . as a judgment on the merits."). Plaintiffs cannot now collaterally attack that judgment.

[5] All of the plaintiffs here were plaintiffs in the former action. Compare Compl. at 1 (naming Timothy Esch, Paul Esch, David Esch, Regina Worthington, Raymond Esch, Judy Esch Brown, Donald Esch, and L J Farms Partnership) with Compl at 1., Esch v. United States, No. 00-529C (Fed Cl. filed Aug. 31, 2000) (naming the same plaintiffs and, additionally, Patrick Esch and Dennis Esch).

Res judicata applies to this case even though plaintiffs elected not to complete the appellate process in the case they lost in 2001. In U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18 (1994), the Supreme Court ruled that when an appeal is dismissed as a result of agreement of the parties after a final judgment on the merits in a trial court, the trial court's judgment stands as a bar to relitigation, even though the appellate process has been foregone. Id. at 22-29. Consequently, the doctrine of res judicata applies with full force here and bars plaintiffs' claims.

## III. Because Plaintiffs' Claims Accrued In 1999 This Case Is Barred By The Statute Of Limitations

Claims in this Court must be brought within six years of accrual in order to avoid the jurisdictional bar of 28 U.S.C. § 2501. In the present case, there is no question that plaintiffs' claims are barred by the statute of limitations.

Giving plaintiffs the benefit of all conceivable doubt as to the accrual of their claims, their claims accrued, at the latest, on the date of the last administrative offset, the last date on which the Government allegedly breached the settlement agreement. Alder Terrace, Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir. 1998) (claim for breach of contract generally accrues at time of breach). That offset occurred on November 3, 1999, far more than six years before plaintiffs filed this action in September 2006. See Miller Decl. (Ex. 1). Indeed, plaintiffs' claims clearly accrued more than six years ago because they filed a nearly identical complaint on August 31, 2000 – more than six years before their September 2006 complaint. Plaintiffs claims are therefore time-barred, depriving the Court of jurisdiction.

## CONCLUSION

This case is barred by res judicata. It also falls well outside of the applicable statute of limitations. It should accordingly be dismissed.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ Brian T. Edmunds
BRIAN T. EDMUNDS
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, NW
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Brian.Edmunds@usdoj.gov
Tel: (202) 616-8253
Fax: (202) 307-0972

January 31, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on January 31, 2007, a copy of the foregoing “DEFENDANT’S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED” was filed electronically. Parties may access this filing through the Court's electronic filing system.

s/ Brian T. Edmunds