AOSA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 00-M-957

RECEIVED
JUL 28 2004
OGC, DENVER

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
JUL 16 2004
GREGORY C. LANGHAM
CLERK

DAVID ESCH,
DONALD ESCH,
JUDITH ESCH BROWN,
PAUL ESCH,
RAYMOND ESCH and
REGINA WORTHINGTON,
General Partners of and d/b/a as HORSECREEK FARMS,

Plaintiffs,

v.

ANN VENEMAN, Secretary United States Department of Agriculture,

Defendant.

---

MEMORANDUM OPINION AND ORDER

---

This is a judicial review of a final decision of the National Appeals Division (NAD) of the United States Department of Agriculture reversing the decision of a Hearing Officer and affirming the action of the Farm Service Agency (FSA) administratively offsetting Agricultural Marketing Transition Act (AMTA) payments to collect an indebtedness on a claim of conversion of a security interest in $1,068,931.65 paid to the plaintiffs in settlement of a dispute with the Commodity Credit Corporation (CCC) in connection with annual commodity support programs and the Conservation Research Program (CRP). The action was initially filed in the United States District Court for the District of Columbia and transferred to this court after cross motions for summary judgment were filed. Although the issues have been framed by those motions,

2600JW5338
SDT

Fed.R.Civ.P. 56 is not applicable because this court's jurisdiction under the Administrative Procedure Act, 5 U.S.C. § 706 (APA), is limited to determining whether that decision was arbitrary, capricious, an abuse of discretion, or otherwise contrary to law. There is no other jurisdictional basis for this suit.

The FSA is the successor to the Farmers Home Administration (FmHA). The parties filed separate statements of facts and some documents not in the administrative record. The plaintiffs have suggested a discovery schedule. This court must limit its review to the administrative record that was before the NAD.

The settlement resolved previous litigation in the DC Court in an APA review of an administrative decision concerning the number of persons actively involved in farming through a family partnership for the purpose of determining eligibility for payments under the regulations of the Secretary of Agriculture implementing the price supports of agricultural commodities programs and the CRP. At issue was the operation of a farming partnership consisting of nine members, including these plaintiffs. The factual background of that dispute is contained in the findings of fact in *Esch v. Lyng,* 665 F.Supp. 6 (D.D.C. 1987), *aff'd in part*, *Esch v. Yeutter,* 876 F.2d 926 (D.C.Cir. 1989). After remand, the parties in that litigation resolved the dispute with a settlement agreement providing for a government payment of $1,087,819.40 representing federal assistance payments owed between 1984 and 1989 to the nine member partnership described in this administrative record as L.J. Farms Partnership (LJFP-9). The agreement was entered into on August 30, 1990, and the payment was made on September 18, 1990.

L.J. Farms Partnership (LJFP-9) had been in a bankruptcy reorganization

proceeding which was voluntarily dismissed by the debtors on May 26, 1989. A new family partnership under the name Horse Creek Farms was formed by six Esch siblings; David, Donald, Judith Esch Brown, Paul, Raymond and Regina Worthington, the plaintiffs in this case. The FSA claimed that FmHA had a security interest in the settlement proceeds for the indebtedness created by FmHA loans to an earlier partnership, L.J. Farms, evidenced by notes signed by Patrick Esch and his wife Arlene, together with Dennis Esch and his wife Kathleen, who also included their personal residences in trust deeds to secure those loans. The FmHA accelerated payments on those loans on October 31, 1990. In the notice of acceleration, the borrowers were given the opportunity to buy out their loans at the net recovery value. The FmHA included the settlement proceeds in calculating that figure.

The borrowers administratively appealed the acceleration decision, asserting that the FmHA had improperly calculated net recovery value by including the settlement proceeds, because the agency did not have a valid lien on those proceeds. They lost that appeal. The NAD found that the settlement proceeds represented back rental payments within the scope of the FmHA's lien.

Another acceleration notice was issued with the demand for payment of the amount due under the notes calculated as $1,153,979.80.

On July 10, 1996, Horse Creek Farms applied for a "Production Flexibility Contract" with the FSA and the agency offset the amount claimed due under the notes. The amount of the offset, calculated as of January 8, 1997, was $824,921.65, recognizing that some of the settlement proceeds were for subsidy payments for land not included in the deeds of trust and therefore not subject to the security interest.

The six partners of Horse Creek Farms appealed the offset decision and prevailed before the Hearing Officer. His decision, dated January 17, 1997, concluded that the notices of administrative offset sent to Horse Creek Farms and its partners were invalid because the four individual debtors on the loans made to L.J. Farms were not given the notice. The Hearing Officer also held that the offset was improper because there was no evidence that Horse Creek Farms and its partners had assumed the indebtedness to FmHA and because the proceeds from the settlement agreement had properly been used to satisfy secured creditors with a higher priority than FmHA.

The FSA appealed the Hearing Officer's decision on February 12, 1997. The NAD reversed on August 28, 1997. The Director concluded that the six appellants, being the partners in Horse Creek Farms, had admitted in the D.C. Court proceedings that they were all liable on the July, 1984, loans and that they were bound by the Director's decision of March 17, 1992, holding that the agency had a lien on the settlement proceeds because the appellants were in privity as partners with their two brothers who, with their wives, had been the appellants in that previous administrative appeal.

The Director rejected the appellants' argument that the FmHA liens had been extinguished in non-judicial foreclosure proceedings by Laurence J. Esch, father of the Esch siblings, on his deed of trust, during the bankruptcy proceedings because the FSA did not exercise its right of redemption as a junior lien holder under Colorado law. Additionally, the NAD ruled that the payments made to other secured creditors from the settlement proceeds were to satisfy security interests with a lower priority than FmHA because those loans were secured by crops rather than the real estate. The NAD

Director held that the notice violation relied on by the Hearing Officer was excused because the regulations provide an exception to the notice requirement when failure to take the offset would substantially prejudice the government's ability to collect the debt when the time before payment is due does not reasonably permit completion of those procedural requirements. The decision included a finding that there was no prejudice to the original borrowers because they were well aware of the offset.

The first argument of the appellants is that the Director's decision exceeded his statutory authority because he failed to comply with the statutory requirement that the decision must be made not later than ten days after receipt of the request for review when that request has been made by the head of the agency. 7 U.S.C. § 6998(b). Here, the FSA requested review on February 12, 1997, and the final determination was on August 28, 1997, 197 days later. The mandatory provision of the statute does not say that a failure to decide within the time limitation would result in either a lack of jurisdiction or a reversal as a penalty. In *Gallagher v. National Transp. Safety Bd.*, 953 F.2d 1214, 1221-22 (10th Cir. 1992), the Tenth Circuit Court of Appeals held that a similar requirement in another statute did not divest the National Transportation Safety Board of the authority to dispose of an administrative appeal because there was nothing in that statute indicating that Congress contemplated such a drastic result. That authority is applicable here. Accordingly, the plaintiffs' argument is rejected.

The second contention is that the Director improperly relied on the previous March 17, 1992, administrative decision that the FSA had a valid lien on the settlement proceeds. The argument is that Dennis and Patrick Esch, with their wives, were the parties to that appeal but the appellants were not. Further, L. J. Farms Partnership

(LJFP-9), which included Dennis and Patrick, had ceased doing business before the FmHA sent the acceleration notices prompting that appeal so Dennis, Patrick and their wives were not pursuing the appeal on behalf of that partnership, but as individuals seeking to protect their personal residences from foreclosure. That position is inconsistent with their admissions in the previous litigation in the D. C. Court and with the foreclosure by their father Laurence Esch on his deed of trust against L. J. Farms Partnership (LJFP-9) when the only signers on that loan were Dennis and Patrick in their capacity as partners of L. J. Farms. The administrative appeal was not limited to the personal residences of Dennis and Patrick; the issue was whether the FmHA had a security interest in the settlement proceeds paid to L. J. Farms Partnership (LJFP-9). Thus, the appeal concerned the partnership property of that partnership and all of the partners are bound by its result.

The plaintiffs contend that the administrative offset was not timely because the regulations prohibit the use of such an offset to collect a debt more than six years after the debt first accrued, unless the facts material to the right to collect were not known and could not have reasonably been known by the agency. 7 C.F.R. § 1951.103(g) (1995) ("1990 regulation"). The defendant asserts that the proper time limitation is the ten year period set out in 7 C.F.R. § 792.7(b)(5) (2000). The 1990 regulation was enacted pursuant to the Debt Collection Improvement Act (DCIA), which was amended April, 1996, to allow offset on claims that had been outstanding for up to ten years and requires administrative agencies to prescribe new offset regulations. 31 U.S.C. § 3716(b)(1)-(2) & (e) (2000). In response to that amendment, on August 1, 1997, the FmHA repealed its 1990 regulation replacing it with interim rules establishing the ten

year limitations period. The Director issued his decision less than four weeks after these interim rules were effective and the plaintiffs contend that if the Director's decision was untimely, the agency should not be permitted to take advantage of the new regulatory framework. However, the statutory amendment made the 1990 regulation of the FmHA no longer valid by April 1996, before the expiration of the six year statute of limitations. The plaintiffs argue that the right of offset accrued September, 1990, when they accepted the settlement proceeds and paid off the creditors but accrual from that date is within the six year period and the record shows that the FSA did not have knowledge of the conversion of the proceeds until much later.

The plaintiffs also claim that there was a failure to comply with the notice requirements under 31 U.S.C. § 3716(a) requiring notice of intention to collect the claim by administrative offset with an explanation of the debtors' rights. The statute does not specify when the notice must be given. The Director avoided this issue by finding that the FSA was exempted from these notice requirements because it would be prejudiced in its ability to collect the debt if forced to comply. That exception was put into the regulations under the interim rules as required by the statutory change. Even if there is no such regulatory exception, the letter sent on September 20, 1996, addressed to the plaintiffs, informs them of the existence of the conversion claim, the amount of the settlement proceeds covered by the lien and the agency's intent to offset those payments. It also included notice of the right to appeal. The only deficiency is that the notice did not offer an opportunity to inspect and copy FSA's records or to enter into an agreement to repay the amount of the claim. It did invite the plaintiffs to schedule a meeting for discussion of the matter. That letter is a sufficient attempt to make a

reasonable effort to obtain voluntary payment of a claim and is a substantial compliance with the requirement.

The plaintiffs did not provide evidence to support their contention that the September 20 letter notice was not timely because they had exercised their option for an early payment under 7 U.S.C. § 7212(d)(2)(A). There is no showing of factual support for that argument.

The plaintiffs contend that they are not jointly and severally liable on the promissory notes because there was no decision on that point by the Hearing Officer. Apparently, they anticipate that they may become individually liable in collection proceedings. That concern is a misunderstanding of the import of the Director's finding which legally was limited to the question of offset of payments to the Horse Creek Farms partnership. Joint and several liability of the partners has not been determined and it is noted that in Civil Action No. 98-M-2762, only Patrick and Arlene Esch together with Dennis and Kathleen Esch are defendants.

Upon the foregoing, it is

ORDERED that the National Appeal Division Director Review Determination dated August 28, 1997, is affirmed and this civil action is dismissed.

Dated: July 16th, 2004

BY THE COURT:

[signature]

Richard P. Matsch, Senior District Judge

Civil Action No. 00-M-957

I do hereby certify that I have mailed a copy of the attached to the following:

Dated: July 19, 2004

GREGORY C. LANGHAM, CLERK

By [signature]
Glenna Drake, Secretary

K. C. Engdahl
Raynor, Resch & Pfeiffer
11422 Miracle Hills Dr. #440
Omaha, NE 68154

Stephen Taylor
Asst. U. S. Attorney