H
Briefs and Other Related Documents
Esch v. U.S.Fed.Cl.,2001.
United States Court of Federal Claims.
Patrick ESCH, et al., Plaintiff,
v.
The UNITED STATES, Defendant.
**No. 00-529C.**

June 28, 2001.

Members of farm partnership which entered into settlement with the government resolving farm subsidy dispute brought suit alleging that the government breached the agreement by offsetting subsequent subsidy payments as a debt collection measure. On government's motion to dismiss, the Court of Federal Claims, Tidwell, Senior Judge, held that plaintiffs failed to state a claim for relief in light of paragraph of agreement in which parties waived all claims against the government, except a claim brought to enforce the contract, which was not a claim for money damages.

Motion allowed.
West Headnotes
**United States 393 ⚷74(13)**

393 United States
393II Contracts
393k74 Rights and Remedies of Contractors
393k74(12) Damages and Amount of Recovery
393k74(13) k. Breach of Contract in General. Most Cited Cases
Farm operators who alleged that the government breached settlement agreement resolving dispute over farm subsidies by offsetting subsequent subsidy payments as a debt collection measure, failed to state a claim for relief; even if government breached the agreement, no relief could be granted in light of paragraph of agreement in which parties waived all claims against the government, except a claim brought to enforce the contract, which was not a claim for money damages.

***631** K.C. Engdahl,Raynor, Rensch & Pfeiffer, Omaha, N.E., for plaintiff.
John C. Einstman, United States Department of Justice, Washington, D.C., with whom were Deputy Assistant Attorney General Stuart E. Schiffer, Director David M. Cohen, and Assistant Director Kathryn A. Bleecker for defendant.

**ORDER**

TIDWELL, Senior Judge.
This matter is before the court on defendant's RCFC 12(b)(1) motion to dismiss pursuant to 28 U.S.C. § 1500 (2000). Although the Court of Federal Claims has jurisdiction over plaintiffs' breach of contract claim, pursuant to 28 U.S.C. § 1491(a) (2000), plaintiffs have failed to state a claim upon which relief may be granted. Accordingly, the court treats defendant's RCFC 12(b)(1) motion to dismiss for lack of subject matter jurisdiction as a RCFC 12(b)(4) motion to dismiss for ***632** failure to state a claim upon which relief may be granted. For the reasons set forth below, the court allows defendant's motion.

**BACKGROUND**

Plaintiffs in this action are nine brothers and sisters who have operated various farming ventures in the state of Colorado. Plaintiffs have at different times, in different combinations, formed partnerships that have performed farming, ranching, and cattle raising operations.

In January 1984, the United States Department of Agriculture (USDA or defendant), through the Farmers Home Administration (FmHA), loaned approximately $835,000.00 to L J Farms, a partnership operated by plaintiffs Patrick Esch and Dennis Esch. To secure the FmHA loan, L J Farms executed a real estate Deed of Trust (Deed) against L J Farms' real property, naming the United States as third lien holder.[FN1] Also, L J

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Farms signed a promissory note, as did Patrick Esch and his wife Arlene Esch (as individuals) and Dennis Esch and his wife Kathleen Esch (as individuals), for a total of three promissory notes.

FN1. The property was already encumbered by two earlier deeds of trust. A first deed of trust in favor of the Federal Land Bank, and a second deed of trust in favor of Laurence J. Esch. Laurence J. Esch is the father of the nine plaintiffs in the present action. Def.'s Mot. Dis. at 3-4.

In September 1984, Patrick Esch and Dennis Esch dissolved L J Farms, and, collectively, the nine plaintiffs in the present action formed a new venture known as "L J Farms Partnership."

In April 1986, plaintiffs, as L J Farms Partnership, entered the Conservation Reserve Program (CRP or first subsidy program) operated under the USDA. Under the CRP, plaintiffs agreed to remove 12,000 acres of farmland from production in exchange for payments from the USDA.

In August 1986, the Office of Inspector General (OIG), while conducting an agency audit, suspended plaintiffs' CRP payments, on the basis that the newly-formed partnership had too many partners under the CRP regulations. On July 21, 1987, plaintiffs sued the United States in Federal District Court for the District of Columbia seeking reinstatement of plaintiffs' CRP payments. *Esch v. Lyng*, U.S.D.C. D.C. C.A. No. 87-0885. On August 30, 1990, plaintiffs and the United States entered into a settlement agreement that resolved all claims between the parties relating to the CRP. Compl. Ex. A at 1. Pursuant to the agreement, plaintiffs received $1,087,819.40, and the parties agreed to forgo prosecuting claims each had against the other for crop years 1984 to 1989. Compl. ¶ 21.

Plaintiffs dissolved L J Farms Partnership and formed a new partnership known as Horsecreek Farms in April 1990. Plaintiffs thereafter (through Horsecreek Farms) purchased the land that had been used as collateral against the $835,000.00 FmHA loan that plaintiffs received in January 1984.[FN2] Compl. ¶ 22.[FN3]

FN2. Laurence J. Esch, as second lien holder, foreclosed on the property and transferred the relevant property to plaintiffs.

FN3. Plaintiffs (as Horsecreek Farms) have farmed the land since 1991. In 1996, however, Patrick Esch and Dennis Esch sold their respective interests in Horsecreek Farms to the other plaintiffs. Compl. ¶ 24.

On October 31, 1990, defendant informed plaintiffs that the government was accelerating the debt due on the three notes signed by Patrick Esch, Dennis Esch, Arlene Esch, and Kathleen Esch, and that defendant was claiming an interest in the 1990 settlement proceeds as a "rent" or "profits" earned off of the land identified in the Deed. On November 15, 1990, plaintiffs administratively appealed defendant's actions. After a hearing on December 20, 1990, the hearing officer determined that defendant could accelerate the debt and claim an interest in the settlement payments. On December 17, 1991, plaintiffs administratively appealed the hearing officer's decision, and on March 17, 1992, the USDA issued a final administrative decision affirming the hearing officer's decision.

On February 1, 1993, defendant notified L J Farms Partnership that it was accelerating ***633** the $835,000.00 loan and demanding immediate payment. Defendant did not attempt to collect on its demand until September 20, 1996 when it began offsetting payments due plaintiffs under a subsequent farm subsidy program (the second subsidy program) that plaintiffs entered on July 10, 1996. Def.'s Mot. Dis. at 9.

In early September 1996, plaintiffs received their initial payment under the second subsidy program. On September 20, 1996, defendant informed plaintiffs that the government was offsetting future payments due under the second subsidy program because of plaintiffs' "conversion of security property arising from the $1,068,931.65" settlement payment. Compl. at Ex. B. Defendant was asserting a claim to the settlement funds

based on the USDA March 1992 decision. Def.'s Mot. Dis. at 8.

Plaintiffs appealed defendant's decision to offset the payments, and on January 17, 1997, an agency hearing officer reversed the defendant's decision to offset. Defendant administratively appealed the hearing officer's decision, and on August 28, 1997, the National Appeals Division (NAD) director reversed the officer's decision.

Plaintiffs filed suit (Civ. No. 98-CV-0712) in the United States District Court for the District of Columbia, on March 20, 1998, appealing the NAD director's decision. On April 17, 2000, the District Court granted plaintiffs' motion and transferred the case to the United States District Court for the District of Colorado (reassigned Civ. No. 00-M-957). At the time plaintiffs filed the present action in United States Court of Federal Claims, civil action Number 00-M-957 was pending in the District of Colorado.

**DISCUSSION**

Plaintiffs argue that defendant breached the August 30, 1990 settlement agreement on September 20, 1996 when defendant notified plaintiff that the government was offsetting farm subsidy benefits due plaintiffs. Plaintiffs contend that the settlement agreement barred the government from asserting claims against plaintiffs for crop years 1984-1989. Plaintiffs assert that defendant's offset of the farm subsidy benefits "is, by its terms, related to farm program payments for crop years 1984 through 1989." Brief in Support of Plaintiffs' Resistance to Defendant's Motion to Dismiss at II, ¶ 4 (Filed: April 4, 2001).

Defendant's motion, in addition to challenging the court's jurisdiction, challenges plaintiffs' breach of contract claim on its merits. Defendant argues that the challenged offsets are legal and intended as a debt collection measure. Defendant argues that the offsets are legal based on the USDA's March 17, 1992 final administrative decision "affirm[ing] FmHA's claimed interest in the settlement agreement proceeds," and the USDA's decision allowing defendant to accelerate the loan. Moreover, the USDA's decision was reinforced on August 28, 1997 when the director of the NAD determined that the offsets were legal. Since defendant is challenging plaintiffs' breach of contract claim as a legal debt collection action, defendant is challenging plaintiffs' case on its merits. When a defendant, who has filed a RCFC 12(b)(1) motion, challenges the merits of a plaintiff's case, the court can treat a RCFC 12(b)(1) motion to dismiss for lack of subject matter jurisdiction as a RCFC 12(b)(4) motion to dismiss because plaintiff has failed to state a claim upon which relief can be granted. *Hare v. United States,* 35 Fed. Cl. 353, 354 (1996), *aff'd.*, 108 F.3d 1391, 1997 WL 60748 (Fed.Cir.1997) *(unpublished).*

In *Hare,* the plaintiff was a United States Air Force member who pled guilty to criminal charges brought against him under the Uniform Code of Military Justice. Hare was subsequently sentenced to eight years in prison. He then asked the Air Force to credit his time served towards his retirement eligibility requirement. When the Air Force refused to grant his request, plaintiff filed suit in the Court of Federal Claims asking the court to reverse the Air Force's decision. Hare's complaint alleged that the Air Force "wrongfully denied him military retirement pay and allowances to which he is entitled by law." *Id.* Defendant, United States, responded to plaintiff's complaint by filing a RCFC 12(b)(1) motion. Defendant argued, however, that plaintiff "ha[d] no substantive right to retirement benefits because he ha[d] not been appointed to retired status." *Id.*

***634** The *Hare* court determined that it had subject matter jurisdiction over plaintiff's military pay claim under 28 U.S.C. § 1491. The court held that because defendant's motion was challenging the merits of plaintiff's claim, the court would treat the motion as an RCFC 12(b)(4). *Id.* In accordance with *Hare,* this court will treat defendant's RCFC 12(b)(1) motion to dismiss for lack of subject matter jurisdiction as an RCFC 12(b)(4) motion to dismiss for failure to state a claim upon which relief may be granted. *See id.*

A. *RCFC Rule 12(b)(4)*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

"A motion to dismiss under Rule 12(b)(4) for failure to state a claim upon which relief can be granted is appropriate when the facts asserted by the claimant do not under the law entitle him to a remedy." Perez v. United States, 156 F.3d 1366, 1370 (Fed.Cir.1998). In evaluating a motion to dismiss under RCFC 12(b)(4), the allegations of the complaint should be construed in favor of plaintiff. See *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Dismissal under RCFC 12(b)(4) is deemed "appropriate... when it is 'beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief.' " *See Ponder v. United States,* 117 F.3d 549, 552 (Fed.Cir.1997) (*quoting* Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

B. *Breach of Contract Claim*

Plaintiffs request the court to award money damages resulting from defendant's breach. However, even if we find that defendant breached the settlement agreement, the Court of Federal Claims cannot grant plaintiffs' relief. Paragraph 24 (Paragraph 24) of the settlement agreement states, "[t]he [parties] waive any claim of any kind regarding crop years 1984 through and including 1989, as they may otherwise possess against each other, except as may regard the enforcement of this agreement." Under Paragraph 24, plaintiffs have waived all claims against the government, except a claim brought to enforce the contract. An enforcement claim is not a claim for money damages. *Gates v. United States,* 33 Fed. Cl. 9, 12 (1995) (holding in an action for specific performance that "[t]he Court of Federal Claims cannot order the United States to perform"). Therefore, it is not a claim allowed under 28 U.S.C. § 1491 (2000).

Moreover, an enforcement action is pending before the District Court in Colorado, so even if this court is receptive to plaintiffs' claim, 28 U.S.C. § 1500 precludes the court from taking jurisdiction. The wording of 28 U.S.C. § 1500 is unambiguous; "The United States Court of Federal Claims shall not have jurisdiction [over] any claim ... which the plaintiff ... has pending in any other court ... against the United States." 28 U.S.C. § 1500 (2000). In determining whether claims are similar, this court looks to both the operative facts alleged in a plaintiff's complaint and the relief requested in a plaintiff's prayers. *Loveladies Harbor, Inc. v. United States,* 27 F.3d 1545, 1550 (Fed.Cir.1994). The operative facts do not need to support the same legal theories in order to be similar. *Id.* When either the operative facts alleged or the relief requested is different, 28 U.S.C. § 1500 does not apply, and the Court of Federal Claims has jurisdiction. *Id.*

Plaintiffs acknowledge that the operative facts alleged here overlap with the operative facts that they alleged in the Colorado case. Plaintiffs, however, have requested different relief here than they requested in the district court. Nonetheless, the settlement agreement bars plaintiffs from prosecuting the claims they brought here because Paragraph 24 only allows plaintiffs to sue to enforce the contract.

Paragraph 24 also acts as a bar to plaintiffs' prayers for relief numbered 2, 3, 4, and 5. All four of these requests relate to damages that plaintiffs alleged in the original lawsuit that culminated with the 1990 settlement agreement. These damage claims clearly relate to crop years 1984 through 1989, and plaintiffs have settled those claims in exchange for defendant paying them over one million dollars. Paragraph 24 precludes plaintiffs from bringing a claim to recover these damages.

Furthermore, even if the court disregarded Paragraph 24 and voided the settlement agreement, this court could not grant plaintiffs'***635** request for damages. The district courts, not the Court of Federal Claims, are vested with jurisdiction over those claims. 5 U.S.C. §§ 701-706 (2000); *see also* 28 U.S.C. § 1491 (2000). Plaintiffs would have to return to the district court and litigate their claims relating to prayers 2, 3, 4, and 5 against defendant for a final resolution. This court cannot grant plaintiffs relief.

**CONCLUSION**

For the above stated reasons, the court hereby *ALLOWS* defendant's motion to dismiss for failure to state a claim

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

upon which relief may be granted.

The clerk of the court shall dismiss the instant action.
Each party shall bear its own costs.

**IT IS SO ORDERED.**

Fed.Cl.,2001.
Esch v. U.S.
49 Fed.Cl. 631

Briefs and Other Related Documents (Back to top)

• 1:00cv00529 (Docket) (Aug. 31, 2000)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.