NO. 06-658

(Hon. Judge Susan Braden)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

TIMOTHY ESCH, PAUL ESCH, DAVID ESCH, REGINA WORTHINGTON, RAYMOND ESCH, JUDY ESCH BROWN, DONALD ESCH and LJ FARMS, a Partnership,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

---

PLAINTIFFS' RESISTANCE TO DEFENDANT'S MOTION TO DISMISS AND BRIEF IN SUPPORT THEREOF

---

K.C. ENGDAHL
Ballew Schneider Covalt
Gaines & Engdahl, PC LLO
1625 Farnam Street, Suite 300
Omaha, Nebraska 68102
Telephone: (402) 934-9499
Facsimile: (402) 934-7730
kc@bsclawfirm.com
Attorneys for Plaintiffs

Submitted this 7th day of May, 2007

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ........ 2
TABLE OF AUTHORITIES ........ 3
QUESTIONS PRESENTED ........ 5
STATEMENT OF THE CASE ........ 5
ARGUMENT ........ 10
I. Standard of Review ........ 10
II. Burden of Proof ........ 10
III. Plaintiffs' Present Claim is Not Barred by *Res Judicata* ........ 11
IV. This Court has Subject Matter Jurisdiction, so Defendant's Motion Pursuant to RCFC Should be Overruled ........ 15
V. The Plaintiff's Claims are Timely Because the Pendency of District Court Litigation Equitably Tolled the Statute of Limitations ........ 19
CONCLUSION ........ 22
CERTIFICATE OF SERVICE ........ 23

## TABLE OF AUTHORITIES

**Page**

**Cases**

*American Sur. Co. v. Baldwin*, 287 U.S. 156 (1932)........ 13
*Amgen, Inc. v. United States Int'l Trade Comm'n*, 902 F.2d 1532 (Fed. Cir. 1990)........ 13
*Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006)........ 15, 16
*Ariadne Fin. Services Pty. Ltd. v. United States*, 133 F.3d 874 (Fed. Cir. 1998)........ 18
*Bolduc v. United States*, 72 Fed. Cl. 187 (2006)........ 10, 16, 17, 18, 19, 20
*Bray v. United States*, 785 F.2d 989 (Fed. Cir. 1986)........ 15
*Caguas Central Fed. Sav. Bank v. United States*, 215 F.3d 1304 (Fed. Cir. 2000)........ 17
*Celotex corp. v. Catrett*, 477 U.S. 317, 327 (1986)........ 10
*Conley v. Gibson*, 355 U.S. 41 (1957)........ 10
*Conti v. United States*, 291 F.3d 1334 (Fed. Cir. 2002)........ 11
*Costello v. United States*, 365 U.S. 265 (1961)........ 14
*Day v. McDonough*, 547 U.S. 198 (2006)........ 16
*Dozier v. Ford Motor Co.*, 702 F.2d 1189 (D.C. Cir. 1983)........ 14
*Esch v. Lyng*, U.S.D.C. D.C C.A. No. 8700885........ 7
*Esch v. United States*, Case No. 00-529C........ 9, 11, 12, 14, 22
*Esch v. Veneman*, Civ. No. 00-M-957........ 8, 9, 14
*Esch v. Veneman*, Civ. No. 98-cv-0712........ 8
*Franconia Assocs. v. United States*, 536 U.S. 129 (2002)........ 16
*Frazer v. United States*, 288 F.3d 1347 (Fed. Cir. 2002)........ 17
*George F. Miller Farms, Ltd. v. United States*, 27 Fed. Cl. 672 (1993)........ 18, 20, 21, 22
*Goad v. United States*, 46 Fed. Cl. 395 (2000)........ 13, 14
*Great Southern Fire Proof Hotel Co.* v. *Jones*,177 U.S. 449 (1900)........ 12
*Hart v. United States*, 910 F.2d 815 (Fed. Cir. 1990)........ 15, 17
*Hopland Band of Pomo Indians v. United States*, 855 F.2d 1573 (Fed. Cir. 1988)........ 17
*In Catawba Indian Tribe of South Carolina v. United States*, 982 F.2d 1564 (Fed. Cir. 1993)... 21
*Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89 (1990)........ 15, 16, 17, 21, 22
*Jet, Inc. v. Sewage Aeration Sys.*, 223 F.3d 1360 (2000)........ 11
*Jones v. United States*, 801 F.2d 1334 (Fed. Cir. 1986)........ 12, 17
*Kontrick v. Ryan*, 540 U.S. 443 (2004)........ 16

*L.E. Cooke Corp. v. United States*, 27 Fed. Cl. 753 (1993)........................................................ 18
*Mann v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 488 F.2d 75 (5th Cir. 1973).................... 14
*Mansfield, C. & L. M. R. Co.* v. *Swan*, 111 U.S. 379 (1884)...................................................... 12
*Martin v. Dep't of Mental Hygiene*, 588 F.2d 371 (2d Cir. 1978) .............................................. 14
*Mayer/Berkshire Corp. v. Berkshire Fashions, Inc.*, 424 F.3d 1229 (Fed. Cir. 2005) ................ 11
*Napper v. Anderson*, 500 F.2d 634 (5th Cir. 1974), *cert. denied*, 423 U.S. 837 (1975).............. 14
*Nippon Steel Co. v. United States*, 219 F.3d 1348 (Fed. Cir. 2000) ........................................... 12
*Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979)................................................................ 11
*Ponder v. United States*, 117 F.3d 549 (Fed. Cir. 1997)............................................................ 11
*Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746 (Fed. Cir. 1988).......................... 10, 11
*Richmond, Fredericksburg and Potomac R.R. v. United States*, 27 Fed. Cl. 275 (1992)............ 13
*Scarborough v. Principi*, 541 U.S. 401 (2004) ............................................................................ 17
*Scott Aviation v. United States*, 953 F.2d 1377 (Fed. Cir. 1992)................................................ 13
*Spruill v. MSPB*, 978 F.2d 679 (Fed. Cir. 1992).......................................................................... 15
*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998)................................................. 12, 17
*Underwriters Nat'l Assurance Co. v. N. C. Life & Accident & Health Ins. Guar. Ass'n*, 455 U.S. 691 (1982)............................................................................................................................ 13
*United States Catholic Conf. v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72 (1988)........... 16
*United States v. Cotton*, 535 U.S. 625 (2002)............................................................................. 16
*United States v. Esch, et al.*, Case No. 98-cv-02762 ............................................................. 9, 14
*UNR Indus., Inc. v. United States*, 962 F.2d 1013 (Fed. Cir.), cert. granted sub nom. *Keene Corp. v. United States*, 506 U.S. 939 (1992) ......................................................................... 20
*Venture Coal Sales Co. v. United States*, 370 F.3d 1102 (Fed. Cir. 2004).................................. 17
*Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385 (1982) ......................................................... 16

**Statutes and Rules**

28 U.S.C. § 1491........................................................................................................... 12
28 U.S.C. § 1500............................................................................... 9, 12, 14, 19, 20, 21
28 U.S.C. § 2501.......................................................................................... 15, 18, 21
RCFC 12(b)(1) ........................................................................... 5, 15, 17, 19, 22
RCFC 12(b)(4) ...................................................................................................... 9
RCFC 12(b)(6) ........................................................................... 5, 15, 17, 19, 22

## QUESTIONS PRESENTED

Whether the Defendant met its burden of proving that Plaintiff has failed to state a claim upon which relief may be granted?

Whether the prior Court of Federal Claims dismissal had *res judicata* effect?

Whether the "curable defect" exception to *res judicata* is applicable?

Whether, in light of the pendency of other proceedings, Plaintiff's present Claim is timely under the applicable six-year statute of limitations?

## STATEMENT OF THE CASE

Defendant has filed its Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims, seeking dismissal of the Plaintiff's Complaint for their alleged failure to state a claim upon which relief may be granted, and for lack of subject matter jurisdiction. For the reasons hereinafter set forth, the Defendant's Motion should be overruled.

This lawsuit is the latest installment of an ongoing attempt by the Plaintiffs to redress the wrongs perpetrated by the United States of America related to payment, and offset, of amounts due and owing the Plaintiffs from the U.S. Department of Agriculture (USDA), and its various subsidy programs.

From the outset, it must be understood that the Plaintiffs *are not and were not* signatory parties on the underlying debt instruments giving rise to the government's claim and ensuing offset of farm program payments, to which they assert entitlement by operation of the subject settlement agreement. (Exhibit A, Plaintiff's Claim).

Patrick and Arlene Esch and Dennis and Kathleen Esch, as husband and wife (respectively) executed the subject notes and security agreements, including mortgages/deeds of trust, for partnership property.

The security interest collateral has never been a component, except derivatively of the government's claim, because all right, title and interest in the subject property was foreclosed in 1989.

Exhibit A1 to the Affidavit of K.C. Engdahl submitted herewith establishes that the two Esch couples, as L.J. Farms, executed promissory notes in favor of the United States on July 10, 1984.

L.J. Farms had also executed separate financial obligations with Laurence Esch, which included a Deed of Trust, pledging real property to secure payment of $1,030,000. (See Exhibit A2 to the Affidavit of K.C. Engdahl).

L.J. Farms filed Chapter 11 Bankruptcy proceedings on October 14, 1987, which was dimssed on May 26, 1989 (See Exhibit A3 to the Affidavit of K.C. Engdahl).

During the pendency of proceedings, Laurence Esch applied for and received an Order of relief from the automatic stay of § 362 of the Bankruptcy Code, to foreclose its Deed of Trust security interest (See Exhibit A4 to the Affidavit of K.C. Engdahl). The order was entered pursuant to a Court-approved settlement agreement. (See Exhibit A5 to the Affidavit of K.C. Engdahl).

Thereafter, sale was conducted prior liens were satisfied, and Laurence Esch succeeded to ownership of L.J. Farms real estate, pursuant to Exhibit A6 to the Affidavit of K.C. Engdahl. All junior and inferior liens were extinguished by the procedure including security interests of the United States pertaining to the 1984 loans.

The Affidavit of Patrick Esch, being Exhibit A7 to the Affidavit of K.C. Engdahl, reviews the process above-described in detail. The United States received notice of an had full opportunity to participate in the foreclosure process and is obligated by 7 C.F.R. § 1955 et seq. to do so. Failure to participate resulted in legal consequences above-specified.

In April 1986, Plaintiff LJ Farms Partnership entered the Conservation Reserve Program ("CRP"), at which time LJ Farms Partnership agreed to remove 12, 000 acres of farmland from production in exchange for payments from the USDA. At no time did Dennis or Patrick Esch or their wives contract to participate in any FSA program directly, or through any entity. In August 1986, the Office of Inspector General ("OIG") suspended Plaintiff's CRP payments while conducting an agency audit. When payment was not reinstated or forthcoming as agreed, Plaintiffs sued in the U.S. District Court for the District of Columbia, seeking reinstatement of Plaintiff's CRP payments. *Esch v. Lyng*, U.S.D.C. D.C C.A. No. 8700885. Before judicial resolution of *Esch v. Lyng*, the Plaintiffs and the USDA agreed to settle and resolve all claims between the parties related to CRP. In exchange for their agreement to dismiss their claim, Plaintiffs were to receive $1,087,819.40 in payments for crop years 1984 to 1989 (See Exhibit A, Plaintiffs' Claim).

After the lawsuit was filed but before settlement was reached in August 1990, LJ Farms Partnership dissolved and a new partnership involving the Esch Family was formed, known as Horsecreek Farms. Horsecreek farms purchased the land that was originally pledged as collateral for the 1984 loans from Laurence Esch.

Approximately sixty days after the Plaintiffs' settled their past-due CRP payment claim with the government, the Defendant informed Plaintiffs that it would be accelerating all payments due on the $835,000 farm loans originally taken out by LJ Farms and Dennis and

Patrick Esch, and that it claimed an interest in the settlement proceeds derived by LJ Farms Partnership as "rent" or "profits" earned off the land identified as the collateral on the 1984 farm loans. The Defendant again notified LJ Farms Partnership that it was accelerating the $835,000 loan and demanding immediate payment thereof, in February 1993. However, the government did not attempt to collect on this debt until September 20, 1996, when it began offsetting payments due the Plaintiffs under a separate farm subsidy program.

In September 1996, the government informed Plaintiffs that it would offset future payments under the separate subsidy program because they allegedly "converted" the government's security interest in the "rent" or "profit" derived from the use of the land pledged as collateral on the 1984 farm loans, i.e., the $1,087,819.40 settlement payment. The offset of program benefits were understaken for crop years that had been settled against individuals who were not debtors of the United States of America and was based upon a security interest that had been foreclosed.

Plaintiffs administratively appealed the USDA's determination to administratively offset its subsidy payments to recover the money paid by the government to Plaintiffs in conformity with the 1990 settlement agreement. An agency hearing officer reversed the decision to offset, which was subsequently reversed on further appeal to the National Appeals Division "NAD").

The Plaintiffs, in order to obtain further review of the USDA's decision to administratively offset its subsidy payments, filed suit in the U.S. District Court for the District of Columba in *Esch v. Veneman,* Civ. No. 98-cv-0712. Thereafter, the case was transferred to the U.S. District Court for the District of Colorado, and reassigned as *Esch v. Veneman,* Civ. No. 00-M-957.

During the pendency of the Case No. 00-M-957, Plaintiffs filed suit in the U.S. Court of Federal Claims as *Esch v. United States*, Case No. 00-529C. The Plaintiffs admit that the claims asserted in Case No. 00-529C raise substantially similar claims to those asserted in the case *sub judice*. In particular, the suit seeks full enforcement of and damages as a result of the government's breach of the settlement agreement reached between Plaintiffs and the government in August 1990. The Defendant in Case No. 00-529C moved to dismiss the complaint for lack of jurisdiction pursuant to 28 U.S.C. § 1500, which the court construed as a (then) RCFC 12(b)(4) motion to dismiss for failure to state a claim upon which relief may be granted.

In ruling on the government's motion to dismiss, the court acknowledged and declared that because Case No. 00-M-957 was pending on a related matter, 28 U.S.C. § 1500 precluded the court from "taking jurisdiction". Consequently, the Court dismissed Plaintiff's Claim. The claim was neither dismissed with prejudice nor without prejudice, and a subsequent appeal of the ruling in Case No. 00-529C was voluntarily dismissed by the Plaintiff.

Also pending at the time the Court of Claims dismissed Case No. 00-529C was Case No. 98-cv-02762 captioned *United States v. Patrick J. Esch, Arlene K. Esch, Dennis L. Esch and Kathleen H. Esch*. This case was brought by the United States against the debtors on the 1984 loans. Although the issue in this case did not involve the same parties as in the matter at bar, the outcome of *U.S. v. Esch et al.* conclusively determined issues that have bearing on the matters presented in this case.

**ARGUMENT**

**I. Standard of Review**

Plaintiffs agree with the government's stated standard of review related to resolution of motions to dismiss for lack of subject matter and/or failure to state a claim upon which relief may be granted. Particularly, this Court must accept the Plaintiffs' factual allegations as true and draw all reasonable inferences in favor of the Plaintiffs. *Celotex corp. v. Catrett*, 477 U.S. 317, 327 (1986); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988). Furthermore, the Court will grant a motion to dismiss only when it is clear that the plaintiff can prove not set of facts that would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41 (1957); *Bolduc v. United States*, 72 Fed. Cl. 187 (2006).

Contrary, however, to Defendant's assertion that the six-year statute of limitations applicable to Plaintiffs' claims conditions the United States' waiver of sovereign immunity, and is therefore jurisdictional, whether a claim is filed within the statute of limitations neither creates nor divests the Court of Federal Claims of jurisdiction on waiver of sovereign immunity grounds, as shown more particularly herein, *infra*.

**II. Burden of Proof**

The Defendant's Motion to Dismiss is predicated both on a lack of subject matter jurisdiction and failure to state a claim for which relief may be granted. The label, and corresponding analysis, placed upon Defendant's motion by this court is significant in that each are determined using different burdens of proof.

In any claim brought by a Plaintiff in the Court of Federal Claims against the government, the Plaintiff bears the burden of proving, by a preponderance of the evidence, that

the court has subject-matter jurisdiction to hear the case. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d at 748.

However, when the United States moves to dismiss for failure to state a claim upon which relief may be granted, the government bears the burden of proving that it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief". *Conti v. United States*, 291 F.3d 1334, 1338 (Fed. Cir. 2002); *quoting Ponder v. United States*, 117 F.3d 549, 552 (Fed. Cir. 1997).

## III. Plaintiffs' Present Claim is Not Barred by *Res Judicata*

Plaintiff readily concedes that Case No. 00-529C, filed by nearly identical parties against the same defendant, was based on nearly identical facts. The history of litigation between the parties hereto cannot and is not denied. However, Defendant misapprehends, and practically ignores, the elements it bears the burden of proving to establish applicability of *res judicata*.

As Defendant acknowledges, *res judicata* applies to bar parties from litigating claims that were brought and finally determined in prior litigation. *Mayer/Berkshire Corp. v. Berkshire Fashions, Inc.*, 424 F.3d 1229, 1232 (Fed. Cir. 2005). Stated another way, under *res judicata*, "a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Jet, Inc. v. Sewage Aeration Sys.*, 223 F.3d 1360, 1362 (2000); *quoting Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979). Accordingly, a subsequent suit will be barred if: "(1) there is identity of parties (or their privies); (2) there has been an earlier final judgment on the merits of a claim; and (3) the second claim is based on the same set of transactional facts as the first." *Id., citing Parklane Hosiery Co. v. Shore*, 439 U.S. at 326 n.5.

It is axiomatic that in order to determine the *res judicata* effect to give a prior judgment, one must first determine the effect of the prior judgment. In this instance, the court in Case No. 00-529C reasoned that Plaintiffs' claim must be dismissed for the following reasons:

1. The claim is not allowed under 28 U.S.C. § 1491 ;
2. The court does not have jurisdiction pursuant to 28 U.S.C. § 1500;
3. The Settlement Agreement precludes Plaintiffs from bringing their claims;
4. The Court of Federal Claims lacks jurisdiction over some of Plaintiffs' claims.

It is well settled that a federal court must determine its jurisdiction before making any other findings or rulings on the merits of the case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998); *Nippon Steel Co. v. United States*, 219 F.3d 1348 (Fed. Cir. 2000). "This question [jurisdiction] the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it." *Id.* at 94, *citing Great Southern Fire Proof Hotel Co.* v. *Jones*,177 U.S. 449 (1900). "The requirement that jurisdiction be established as a threshold matter 'springs from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Id.* at 94-95, *citing Mansfield, C. & L. M. R. Co.* v. *Swan*, 111 U.S. 379, 382 (1884).

Considering that jurisdiction of the federal court is a threshold determination, it necessarily follows that dismissal of Case No. 00-529C must have been predicated solely on jurisdictional grounds, because the Court had no power to effect any other decision on the matter once it determined that it lacked subject matter jurisdiction, particularly, pursuant to 28 U.S.C. § 1500.

Therefore, this court's determination of whether the Plaintiff's present claim is barred by *res judicata* turns on whether the dismissal of the prior action for lack of subject matter

jurisdiction was a final judgment on the merits, and whether the instant lawsuit is based upon the same set of facts as the first.

"Dismissals for lack of jurisdiction do not reach the merits of a claim and therefore are without prejudice to a plaintiff filing a new suit in a court with proper jurisdiction to address the merits." *Goad v. United States*, 46 Fed. Cl. 395, 398 (2000); *citing Richmond, Fredericksburg and Potomac R.R. v. United States*, 27 Fed. Cl. 275, 286 (1992); *citing Scott Aviation v. United States*, 953 F.2d 1377, 1378 (Fed. Cir. 1992). However, principles of *res judicata* can ordinarily apply to questions relating to a jurisdictional issue, and jurisdictional determinations in one suit may bar relitigation of the jurisdictional issue in a subsequent proceeding.. *American Sur. Co. v. Baldwin*, 287 U.S. 156, 166 (1932); *see also Underwriters Nat'l Assurance Co. v. N. C. Life & Accident & Health Ins. Guar. Ass'n*, 455 U.S. 691 (1982); *Amgen, Inc. v. United States Int'l Trade Comm'n*, 902 F.2d 1532, 1536 n.5 (Fed. Cir. 1990).

Thus, if the second-filed claim presents the same jurisdictional issue as raised in the first suit, the doctrine of *res judicata* may bar the second claim. However, as in this instance, if the second-filed claim contains new information which cures the jurisdictional defect fatal to the first-filed suit, then the second-filed suit presents a different jurisdictional issue and *res judicata* cannot apply. *Goad v. United States*, 46 Fed. Cl. at 398. This exception has become known as the "curable defect" exception to res judicata, and it applies:

> where a "precondition requisite" to the court's proceeding with the original suit was not alleged or proven, and is supplied in the second suit **--** for example, the Government's filing of an affidavit of good cause in a denaturalization proceeding, proper service of process, or residency adequate to invoke diversity jurisdiction ... The deficiency pertained to a fact (filing of affidavit, service of process or present residence) separate and apart from the past and completed transactions that constituted the cause of action.

*Id., citing Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1196 (D.C. Cir. 1983). *See also Costello v. United States*, 365 U.S. 265, 284-88 (1961); *Martin v. Dep't of Mental Hygiene*, 588 F.2d 371, 373 n.3 (2d Cir. 1978); *Napper v. Anderson*, 500 F.2d 634, 637 (5th Cir. 1974), *cert. denied*, 423 U.S. 837, 46 L. Ed. 2d 56, 96 S. Ct. 65 (1975). *Mann v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 488 F.2d 75 (5th Cir. 1973).

The cases recognizing the exception forestall application of *res judicata* to previous jurisdictional determinations if the jurisdictional defects could be remedied by acts occurring subsequent to the first dismissal. In essence, the deficiency predicating the original dismissal was based upon, and subsequently cured by, a fact separate and apart from the transactional occurrence forming the basis of the cause of action.

The case at bar fits squarely within the "curable defect" exception, and Plaintiffs respectfully urge this Court to adopt the exception in this case. When the Plaintiffs' claim was originally filed in the Court of Federal Claims, other matters related to or based upon the same operative facts as those alleged in Case No. 00-529C were pending in the district court. Pursuant to 28 U.S.C. § 1500, the Court determined that it lacked subject matter jurisdiction to adjudicate Plaintiff's claims. Subsequent to the dismissal, the procedural defect precluding litigation of Plaintiff's claims was cured by operation of the dismissal of the appeal of Case No. 00-M-957 and Case No. 98-cv-2762 in the United States District Court for the District of Colorado. The removal of the bar to jurisdiction contained in 28 U.S.C. § 1500 is a fact, separate and apart from those forming the basis of the Plaintiff's claims against the government, which occurred subsequent to the Court's decision in Case No. 00-529C. Consequently, the former determination is not, and should not be, a bar to litigation of Plaintiff's claim in the instant case.

## IV. This Court has Subject Matter Jurisdiction, so Defendant's Motion Pursuant to RCFC Should be Overruled

The Defendant argues that because the Plaintiffs allegedly filed their claims outside the applicable six-year statute of limitations, the suit should be dismissed pursuant to both RCFC 12(b)(1) and 12(b)(6). Because filing a claim within the applicable statute of limitations is not jurisdictional, as alleged by Defendant, and can be and has been forfeited by the Defendant, the Plaintiffs' claims are not time-barred and the Defendant's Motion to Dismiss should be overruled.

Defendant cites *Hart v. United States*, 910 F.2d 815, 817 (Fed. Cir. 1990) for the proposition that the six-year statute of limitations applicable to the Plaintiffs' claims conditions the United States' waiver of sovereign immunity, and is therefore jurisdictional. (Brief of Defendant at p. 5); see 28 U.S.C. § 2501. *Hart* was decided four months prior to *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89 (1990), which significantly changed the analysis of whether a statute of limitations is "jurisdictional", and therefore subjects a claim to dismissal pursuant to RCFC 12(b)(1).

The inconsistency in application of statutes of limitations as a bar to claims under RCFC 12(b)(1) versus 12(b)(6), and their counterparts in the federal rules, apparently stems from the embattered use of the term "jurisdictional" by the appellate courts. "Jurisdiction" and "Jurisdictional" have been described as "one of the most slippery [words] in the legal lexicon", which has been "batted about like a bird caught in a badminton game". *Spruill v. MSPB*, 978 F.2d 679, 686 (Fed. Cir. 1992); *Bray v. United States*, 785 F.2d 989, 992 (Fed. Cir. 1986). The Supreme Court has even acknowledged that it has "sometimes been profligate in its use of the term", and has been "less than meticulous in 'use of the term jurisdictional' to describe time limitations." *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006); *Kontrick v. Ryan*, 540 U.S. 443,

454 (2004). As observed by the court in *Bolduc v. United States*, 72 Fed. Cl. 187 (2006), the confusion over the term "jurisdictional" and its effect on statute of limitation analysis stems from the Supreme Court's once-prevalent (and now abandoned) approach of treating statutes of limitations differently depending on whether the defendant was the sovereign or a private party.

This approach was specifically abandoned in *Irwin v. Dept. of Veterans Affairs*, *supra*, wherein the Supreme Court recognized that limitations principles should generally apply to the Government in the same way that they apply to private parties." *Franconia Assocs. v. United States*, 536 U.S. 129, 145 (2002); *Irwin*, 498 U.S. at 95; *Bolduc*, 72 Fed. Cl. at 190. Likewise, the Court has drawn a clear distinction between a lack of subject-matter jurisdiction and simple untimeliness of an action due to the running of the statute of limitations. *Bolduc,* 72 Fed. Cl. At 190, citing *Day v. McDonough*, 547 U.S. 198 (2006) ("A statute of limitations defense . . . is not 'jurisdictional,' hence courts are under no *obligation* to raise the time bar *sua sponte*."); *United States Catholic Conf. v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76-77 (1988) (explaining difference between "subject-matter jurisdiction" and "a limitations statute that would compel dismissal")(Annotations in original).

Moreover, while subject matter jurisdiction cannot be forfeited or waived, a statute of limitations defense certainly can be. *Bolduc*, 72 Fed. Cl. at 190, *citing Arbaugh*, 126 S. Ct. at 1244 (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002); *Day*, 547 U.S. at — ("Ordinarily in civil litigation, a statutory time limitation is forfeited if not raised in a defendant's answer or in an amendment thereto . . . And we would count it an abuse of discretion to override a State's deliberate waiver of a limitations defense."); *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982) (holding that Title VII's statute of limitations was "not a jurisdictional prerequisite . . . but a requirement subject to waiver as well as tolling").

With respect to the application of these principles when the defendant is the federal government, the Supreme Court has reasoned that because application of statutes of limitations against the government in the same way they are applied in private suits "amounts to little, if any, broadening of the congressional waiver" of sovereign immunity, already waived by virtue of the existence of a cause of action created by Congress, statutes of limitations should be applied the same regardless of the parties to the suit. *Bolduc,* 72 Fed. Cl. at 190, citing *Scarborough v. Principi,* 541 U.S. 401, 421 (2004). Any suggestion that this Court possesses no jurisdiction to hear Plaintiffs' claims because the United States has not waived its sovereign immunity can not be reconciled with *Irwin* or its progeny in this Circuit and elsewhere. The Defendant's reliance upon *Hart* as a basis to find a lack of subject matter jurisdiction in this case is wholly misplaced in light of cases decided after it.

To the extent that other Federal Circuit cases continue to characterize statutes of limitations for suits against the United States as "jurisdictional", these cases should correctly fall in the category of "drive-by jurisdictional rulings", criticized by the U.S. Supreme Court as those which are assumed without discussion by the court or the parties, which should "have no precedential effect". *Steel Co.*, 523 U.S. at 91. *See, e.g., Frazer v. United States*, 288 F.3d 1347, 1351, 1355 (Fed. Cir. 2002); *Caguas Central Fed. Sav. Bank v. United States,* 215 F.3d 1304, 1310 (Fed. Cir. 2000); *Hopland Band of Pomo Indians v. United States*, 855 F.2d 1573, 1576-77, 1582 (Fed. Cir. 1988); *Jones v. United States*, 801 F.2d 1334, 1335 (Fed. Cir. 1986).

This admonition is especially true in light of numerous other Federal Circuit cases that explicitly emphasize that the running of the statute of limitations is properly a RFCF 12(b)(6) claim, and not a RFCF 12(b)(1) claim. *Bolduc,* 72 Fed. Cl. at 191, *citing Venture Coal Sales Co. v. United States,* 370 F.3d 1102, 1105 n.2 (Fed. Cir. 2004) (explaining that when a party "failed

to make its claim within the required limitations period -- that is not a question of subject matter jurisdiction of the court"); *Ariadne Fin. Services Pty. Ltd. v. United States*, 133 F.3d 874, 878 (Fed. Cir. 1998) (determining that the "statutory language" of 28 U.S.C. § 2501 "confirms that the question of a time bar on [plaintiff's] claim does not affect the subject matter jurisdiction of the Court of Federal Claims," but instead may "bar its eligibility to invoke that jurisdiction"); *Alpine*, 923 F.2d at 171-72 & n.1 (explaining that the dismissal of an untimely complaint should have been "for failure to state a claim on which relief may be granted," as our Court "has and will continue to have jurisdiction over the subject matter," but the failure to timely file meant plaintiff "was not entitled to have the Claims Court *exercise* its subject matter jurisdiction")(Annotations in Original). *See also, L.E. Cooke Corp. v. United States*, 27 Fed. Cl. 753, 754-55 (1993); *George F. Miller Farms, Ltd. v. United States*, 27 Fed. Cl. 672, 672 n.1 (1993).

As is apparent from the discussion set forth herein, the Court in *Bolduc v. United States*, painstakingly reviewed recent jurisprudence regarding the very questions presented in this case. In *Bolduc*, the plaintiff brought a claim for money damages against the United States in the U.S. Court of Federal Claims, alleging that he should be compensated for being unjustly convicted and imprisoned for eight years. Although imprisoned since 1991 on a charge of bank robbery, among others, subsequent evidence revealed that the plaintiff could not possibly have committed the crimes. As a result of the new evidence, the plaintiff's sentence was vacated on June 11, 1999. Thereafter, he sought and obtained a certificate of innocence from the trial court, which was issued on October 7, 1999.

In August 2001, Bolduc filed claims under the Federal Tort Claims Act against the United States in the Massachusetts federal court for alleged failure to disclose exculpatory

evidence during the course of the previous criminal proceeding. After that case concluded in March 2005, Bolduc filed a claim in the U.S. Court of Federal Claims on June 17, 2005 for damages, six years and six days after his sentence was vacated by the trial court.

The *Bolduc* court determined that whether the plaintiff's claims were time barred depended on whether the applicable statute of limitations was tolled by operation of 28 U.S.C. § 1500. As a threshold matter, the Court questioned whether consideration of the defendant's claim that the case should be dismissed because the claim was filed outside the six-year statute of limitations, is a question raised under RCFC 12(b)(1) or 12(b)(6). In concluding that the fairest reading of the case law supports a holding that the filing of a claim outside the statute of limitations <u>does not</u> deprive a court of subject matter jurisdiction, the court determined that whether a claim should be dismissed for untimely filing must be considered under the rubric of RCFC 12(b)(6), dismissals for failure to state a claim, as opposed to RCFC 12(b)(1), dismissals for lack of subject matter jurisdiction.

This distinction is especially important where, as here, the label placed on the issue determines allocation of the burden of proof. Under *Bolduc*, the Defendant bears the burden of proving that the claim should be dismissed for failure to state a claim. In the case *sub judice*, because the defense raised by Defendant merely raises a defense under RCFC 12(b)(6), the court is not divested of subject matter jurisdiction because of when the Plaintiffs claims were filed, and its Motion to Dismiss pursuant to RCFC 12(b)(1) should be overruled.

## V. The Plaintiff's Claims are Timely Because the Pendency of District Court Litigation Equitably Tolled the Statute of Limitations

Plaintiffs' claims should not be dismissed pursuant to RCFC 12(b)(6) for failure to state a claim because, under the doctrine of equitable tolling, their claims are timely. As previously stated, although subject matter jurisdiction cannot be forfeited or waived, a statute of limitations

defense certainly can be. *Bolduc*, 72 Fed. Cl. at 190 (other citations omitted). In this case, the government's statute of limitations defense has been forfeited or waived, and therefore, Plaintiffs respectfully request that this Court overrule its Motion to Dismiss for failure to state a claim.

The circumstances presented herein fit squarely within the holding and factual predicate of *George F. Miller Farms v. United States*, 27 Fed. Cl. 672 (1993). In *Miller*, the Plaintiff and the government were embroiled in three separate lawsuits. The first suit, brought by plaintiff in the U.S. Court of Federal Claims, sought monetary damages as just compensation for the taking of plaintiff's real property. The second suit, also brought by plaintiff and filed in the U.S. District Court, sought a declaratory judgment that the government had taken its property without just compensation. Finally, the government sued Miller Farms for condemnation of the subject property.

The defendant filed a Motion to Dismiss in the U.S. Court of Federal Claims case, alleging that 28 U.S.C. § 1500 deprived the court of jurisdiction. Rather than dismissing the claim, the Court permitted the plaintiff to amend its complaint in the district court to remove references to claims for money damages, and permitted the case to proceed under "suspension" pending an outcome in the declaratory judgment action.

Despite repeated attempts by the plaintiffs to have the suspension lifted, the Court continued to deny its requests while it awaited a decision from the Federal Circuit on the effect of 28 U.S.C. § 1500 to claims like that asserted by the plaintiff. When the Federal Circuit decided *UNR Indus., Inc. v. United States*, 962 F.2d 1013 (Fed. Cir.), cert. granted sub nom. *Keene Corp. v. United States*, 506 U.S. 939 (1992), plaintiff voluntarily dismissed its claim in the Court of Claims. Following resolution of their other pending cases, the plaintiff refiled its

claim with the U.S. Court of Federal Claims alleging the same substantive cause of action as that previously asserted. All parties acknowledged that the subsequent filing was outside the statute of limitations found at 28 U.S.C. § 2501.

When the defendant moved to dismiss the complaint because it was not timely filed, the issue before the Court was whether the doctrine of equitable tolling applied to prevent dismissal of plaintiff's claim. Equitable tolling is appropriate it two categories of cases, those "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin*, 498 U.S. 96. Relying upon *Irwin*, the *Miller Farms* Court held that the plaintiff fit into the first of the two categories of cases, and denied the motion to dismiss.

*Irwin* established the rebuttable presumption that equitable tolling is permissible in suits against the United States. This holding was adopted and reaffirmed by the Court in *In Catawba Indian Tribe of South Carolina v. United States*, 982 F.2d 1564 (Fed. Cir. 1993), wherein the Federal Circuit specifically applied equitable tolling principles to the limitations period contained in 28 U.S.C. § 2501. Read in conjunction with one another, there can be little doubt that equitable tolling is available in cases like that one presented at bar.

In the present case, it is appropriate to apply the equitable tolling doctrine and deny Defendant's Motion to Dismiss. As in *Miller Farms*, the Plaintiffs in this case first filed their claim with this Court within the applicable statute of limitations. It is also clear from the record presented by Defendant in support of its motion and the arguments set forth herein, *supra*, that the prior dismissal could only be based on 28 U.S.C. § 1500. The litigation pending between the parties that prevent the refiling of the present suit until September 18, 2006 did not terminate

until the U.S. District Court for the District of Colorado entered his order dismissing the case on August 24, 2006. Even assuming, without conceding, that the Defendant's November 3, 1999 claim accrual date is correct, because Case No. 00-529C was filed August 31, 2000, less than a year following the government's accrual date, it is apparent that Plaintiff's fit squarely within the first category of cases subject to the equitable tolling exception set forth in *Irwin.*

In the final analysis, statutes of limitations are intended to keep claims from going stale, to the prejudice of the defendants. In addition, parties have an obligation to vigorously pursue their rights when they become aware of them. Like the plaintiff in *Miller Farms*, LJ Farms brought its claim within the applicable period of limitations, giving the Defendant notice of its claims less than a year after they accrued. The Plaintiff has not "slept on its rights" and the Defendant is not prejudiced, as they have had notice of these claims since 2000. Under these circumstances, the purposes behind the statute of limitations will not be compromised if the court adopts equitable tolling in this case, and denies Defendant's Motion to Dismiss.

## CONCLUSION

For the above and foregoing reasons, Plaintiffs respectfully request that this Court overrule Defendant's Motion to Dismiss pursuant to RCFC 12(b)(1) and 12(b)(6).

Respectfully submitted this 4th day of May, 2007.

TIMOTHY ESCH, PAUL ESCH, DAVID ESCH, REGINA WORTHINGTON, RAYMOND ESCH, JUDITH ESCH BROWN, DONALD ESCH and L J FARMS, a Partnership, Plaintiffs,

By: s/ K.C. Engdahl

K.C. Engdahl,
Nebraska Bar No.17678
Ballew Schneider Covalt
Gaines & Engdahl, PC LLO
1625 Farnam Street, Suite 300
Omaha, Nebraska 68102
Telephone: (402) 934-9499
Facsimile: (402) 934-7730
kc@bsclawfirm.com
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true copy of the foregoing motion was served electronically upon all Counsel for parties in interest by utilization of the Clerk of the Court's CM/ECF system on the 7th day of May, 2007.

s/ K.C. Engdahl

K.C. Engdahl, NE Bar No. 17678