# EXHIBIT #8

48/85

AOS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 00-M-957

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
JUL 16 2004
GREGORY C. LANGHAM
CLERK

DAVID ESCH,
DONALD ESCH,
JUDITH ESCH BROWN,
PAUL ESCH,
RAYMOND ESCH and
REGINA WORTHINGTON,
General Partners of and d/b/a as HORSECREEK FARMS,

Plaintiffs,

v.

ANN VENEMAN, Secretary United States Department of Agriculture,

Defendant.

---

MEMORANDUM OPINION AND ORDER

---

This is a judicial review of a final decision of the National Appeals Division (NAD) of the United States Department of Agriculture reversing the decision of a Hearing Officer and affirming the action of the Farm Service Agency (FSA) administratively offsetting Agricultural Marketing Transition Act (AMTA) payments to collect an indebtedness on a claim of conversion of a security interest in $1,068,931.65 paid to the plaintiffs in settlement of a dispute with the Commodity Credit Corporation (CCC) in connection with annual commodity support programs and the Conservation Research Program (CRP). The action was initially filed in the United States District Court for the District of Columbia and transferred to this court after cross motions for summary judgment were filed. Although the issues have been framed by those motions,

Exhibit A "8"

1/9

49/85

2008

Fed.R.Civ.P. 56 is not applicable because this court's jurisdiction under the Administrative Procedure Act, 5 U.S.C. § 706 (APA), is limited to determining whether that decision was arbitrary, capricious, an abuse of discretion, or otherwise contrary to law. There is no other jurisdictional basis for this suit.

The FSA is the successor to the Farmers Home Administration (FmHA). The parties filed separate statements of facts and some documents not in the administrative record. The plaintiffs have suggested a discovery schedule. This court must limit its review to the administrative record that was before the NAD.

The settlement resolved previous litigation in the DC Court in an APA review of an administrative decision concerning the number of persons actively involved in farming through a family partnership for the purpose of determining eligibility for payments under the regulations of the Secretary of Agriculture implementing the price supports of agricultural commodities programs and the CRP. At issue was the operation of a farming partnership consisting of nine members, including these plaintiffs. The factual background of that dispute is contained in the findings of fact in *Esch v. Lyng*, 665 F.Supp. 6 (D.D.C. 1987), *aff'd in part, Esch v. Yeutter*, 876 F.2d 926 (D.C.Cir. 1989). After remand, the parties in that litigation resolved the dispute with a settlement agreement providing for a government payment of $1,087,819.40 representing federal assistance payments owed between 1984 and 1989 to the nine member partnership described in this administrative record as L.J. Farms Partnership (LJFP-9). The agreement was entered into on August 30, 1990, and the payment was made on September 18, 1990.

L.J. Farms Partnership (LJFP-9) had been in a bankruptcy reorganization

8: 2/9

50/85

proceeding which was voluntarily dismissed by the debtors on May 26, 1989. A new family partnership under the name Horse Creek Farms was formed by six Esch siblings: David, Donald, Judith Esch Brown, Paul, Raymond and Regina Worthington, the plaintiffs in this case. The FSA claimed that FmHA had a security interest in the settlement proceeds for the indebtedness created by FmHA loans to an earlier partnership, L.J. Farms, evidenced by notes signed by Patrick Esch and his wife Arlene, together with Dennis Esch and his wife Kathleen, who also included their personal residences in trust deeds to secure those loans. The FmHA accelerated payments on those loans on October 31, 1990. In the notice of acceleration, the borrowers were given the opportunity to buy out their loans at the net recovery value. The FmHA included the settlement proceeds in calculating that figure.

The borrowers administratively appealed the acceleration decision, asserting that the FmHA had improperly calculated net recovery value by including the settlement proceeds, because the agency did not have a valid lien on those proceeds. They lost that appeal. The NAD found that the settlement proceeds represented back rental payments within the scope of the FmHA's lien.

Another acceleration notice was issued with the demand for payment of the amount due under the notes calculated as $1,153,979.80.

On July 10, 1996, Horse Creek Farms applied for a "Production Flexibility Contract" with the FSA and the agency offset the amount claimed due under the notes. The amount of the offset, calculated as of January 8, 1997, was $824,921.65, recognizing that some of the settlement proceeds were for subsidy payments for land not included in the deeds of trust and therefore not subject to the security interest.

8: 3/9

51/85

The six partners of Horse Creek Farms appealed the offset decision and prevailed before the Hearing Officer. His decision, dated January 17, 1997, concluded that the notices of administrative offset sent to Horse Creek Farms and its partners were invalid because the four individual debtors on the loans made to L.J. Farms were not given the notice. The Hearing Officer also held that the offset was improper because there was no evidence that Horse Creek Farms and its partners had assumed the indebtedness to FmHA and because the proceeds from the settlement agreement had properly been used to satisfy secured creditors with a higher priority than FmHA.

The FSA appealed the Hearing Officer's decision on February 12, 1997. The NAD reversed on August 28, 1997. The Director concluded that the six appellants, being the partners in Horse Creek Farms, had admitted in the D.C. Court proceedings that they were all liable on the July, 1984, loans and that they were bound by the Director's decision of March 17, 1992, holding that the agency had a lien on the settlement proceeds because the appellants were in privity as partners with their two brothers who, with their wives, had been the appellants in that previous administrative appeal.

The Director rejected the appellants' argument that the FmHA liens had been extinguished in non-judicial foreclosure proceedings by Laurence J. Esch, father of the Esch siblings, on his deed of trust, during the bankruptcy proceedings because the FSA did not exercise its right of redemption as a junior lien holder under Colorado law. Additionally, the NAD ruled that the payments made to other secured creditors from the settlement proceeds were to satisfy security interests with a lower priority than FmHA because those loans were secured by crops rather than the real estate. The NAD

Director held that the notice violation relied on by the Hearing Officer was excused because the regulations provide an exception to the notice requirement when failure to take the offset would substantially prejudice the government's ability to collect the debt when the time before payment is due does not reasonably permit completion of those procedural requirements. The decision included a finding that there was no prejudice to the original borrowers because they were well aware of the offset.

The first argument of the appellants is that the Director's decision exceeded his statutory authority because he failed to comply with the statutory requirement that the decision must be made not later than ten days after receipt of the request for review when that request has been made by the head of the agency. 7 U.S.C. § 6998(b). Here, the FSA requested review on February 12, 1997, and the final determination was on August 28, 1997, 197 days later. The mandatory provision of the statute does not say that a failure to decide within the time limitation would result in either a lack of jurisdiction or a reversal as a penalty. In *Gallagher v. National Transp. Safety Bd.*, 953 F.2d 1214, 1221-22 (10th Cir. 1992), the Tenth Circuit Court of Appeals held that a similar requirement in another statute did not divest the National Transportation Safety Board of the authority to dispose of an administrative appeal because there was nothing in that statute indicating that Congress contemplated such a drastic result. That authority is applicable here. Accordingly, the plaintiffs' argument is rejected.

The second contention is that the Director improperly relied on the previous March 17, 1992, administrative decision that the FSA had a valid lien on the settlement proceeds. The argument is that Dennis and Patrick Esch, with their wives, were the parties to that appeal but the appellants were not. Further, L. J. Farms Partnership

8: 5/9

53/85

(LJFP-9), which included Dennis and Patrick, had ceased doing business before the FmHA sent the acceleration notices prompting that appeal so Dennis, Patrick and their wives were not pursuing the appeal on behalf of that partnership, but as individuals seeking to protect their personal residences from foreclosure. That position is inconsistent with their admissions in the previous litigation in the D. C. Court and with the foreclosure by their father Laurence Esch on his deed of trust against L. J. Farms Partnership (LJFP-9) when the only signers on that loan were Dennis and Patrick in their capacity as partners of L. J. Farms. The administrative appeal was not limited to the personal residences of Dennis and Patrick; the issue was whether the FmHA had a security interest in the settlement proceeds paid to L. J. Farms Partnership (LJFP-9). Thus, the appeal concerned the partnership property of that partnership and all of the partners are bound by its result.

The plaintiffs contend that the administrative offset was not timely because the regulations prohibit the use of such an offset to collect a debt more than six years after the debt first accrued, unless the facts material to the right to collect were not known and could not have reasonably been known by the agency. 7 C.F.R. § 1951.103(g) (1995) ("1990 regulation"). The defendant asserts that the proper time limitation is the ten year period set out in 7 C.F.R. § 792.7(b)(5) (2000). The 1990 regulation was enacted pursuant to the Debt Collection Improvement Act (DCIA), which was amended April, 1996, to allow offset on claims that had been outstanding for up to ten years and requires administrative agencies to prescribe new offset regulations. 31 U.S.C. § 3716(b)(1)-(2) & (e) (2000). In response to that amendment, on August 1, 1997, the FmHA repealed its 1990 regulation replacing it with interim rules establishing the ten

year limitations period. The Director issued his decision less than four weeks after these interim rules were effective and the plaintiffs contend that if the Director's decision was untimely, the agency should not be permitted to take advantage of the new regulatory framework. However, the statutory amendment made the 1990 regulation of the FmHA no longer valid by April 1996, before the expiration of the six year statute of limitations. The plaintiffs argue that the right of offset accrued September, 1990, when they accepted the settlement proceeds and paid off the creditors but accrual from that date is within the six year period and the record shows that the FSA did not have knowledge of the conversion of the proceeds until much later.

The plaintiffs also claim that there was a failure to comply with the notice requirements under 31 U.S.C. § 3716(a) requiring notice of intention to collect the claim by administrative offset with an explanation of the debtors' rights. The statute does not specify when the notice must be given. The Director avoided this issue by finding that the FSA was exempted from these notice requirements because it would be prejudiced in its ability to collect the debt if forced to comply. That exception was put into the regulations under the interim rules as required by the statutory change. Even if there is no such regulatory exception, the letter sent on September 20, 1996, addressed to the plaintiffs, informs them of the existence of the conversion claim, the amount of the settlement proceeds covered by the lien and the agency's intent to offset those payments. It also included notice of the right to appeal. The only deficiency is that the notice did not offer an opportunity to inspect and copy FSA's records or to enter into an agreement to repay the amount of the claim. It did invite the plaintiffs to schedule a meeting for discussion of the matter. That letter is a sufficient attempt to make a

reasonable effort to obtain voluntary payment of a claim and is a substantial compliance with the requirement.

The plaintiffs did not provide evidence to support their contention that the September 20 letter notice was not timely because they had exercised their option for an early payment under 7 U.S.C. § 7212(d)(2)(A). There is no showing of factual support for that argument.

The plaintiffs contend that they are not jointly and severally liable on the promissory notes because there was no decision on that point by the Hearing Officer. Apparently, they anticipate that they may become individually liable in collection proceedings. That concern is a misunderstanding of the import of the Director's finding which legally was limited to the question of offset of payments to the Horse Creek Farms partnership. Joint and several liability of the partners has not been determined and it is noted that in Civil Action No. 98-M-2762, only Patrick and Arlene Esch together with Dennis and Kathleen Esch are defendants.

Upon the foregoing, it is

ORDERED that the National Appeal Division Director Review Determination dated August 28, 1997, is affirmed and this civil action is dismissed.

Dated: July 16, 2004

BY THE COURT:

Richard P. Matsch, Senior District Judge

8: 8/9

56/85

Civil Action No. 00-M-957

I do hereby certify that I have mailed a copy of the attached to the following:

Dated: July 14, 2004

GREGORY C. LANGHAM, CLERK

By [signature]
Glenna Drake, Secretary

K. C. Engdahl
Raynor, Resch & Pfeiffer
11422 Miracle Hills Dr. #440
Omaha, NE 68154

Stephen Taylor
Asst. U. S. Attorney

8: 9/9

57/85

# EXHIBIT #9

UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | | |
|---|---|---|
| DAVID ESCH, et al., Plaintiffs-Appellants, | ) | No. 04-1364 |
| vs. | ) | (D.C. No. 00-M-957) |
| DAN GLICKMAN, Secretary, United States Department of Agriculture, Defendant-Appellee. | ) | (D. Colo.) |

DISMISSAL AGREEMENT

COME NOW the parties, by and through their attorneys, Kent C. Engdahl of Ballew, Schneider, Covalt, Gaines & Engdahl, P.C., L.L.O., attorney for Plaintiff-Appellants, and Martha Paluch, Assistant United Stated Attorney, attorney for Defendant-Appellee, and pursuant to Fed. R. App. P. 42(b) submits this Dismissal Agreement:

WHEREAS, there is presently an appeal pending in the 10th Circuit U.S. Court of Appeals entitled *Esch et al. v. Glickman*, Appeal No. 04-1364; and

WHEREAS, the parties mutually desire that the above-captioned appeal be dismissed;

WHEREFORE, the parties hereto mutually covenant and agree that

1. Appeal No. 04-1364 should be dismissed pursuant to Fed. R. App. P. 42(b) with prejudice.
2. Each party shall pay its own costs and attorneys fees incurred in this appeal and in the underlying litigation, D.C. No. 00-M-957 in the District Court of Colorado.

Exhibit A "#9"

3. Any fees presently due to the Clerk of the 10th Circuit Court of Appeals shall be paid by the party that incurred the fee, and the owing party shall hold the other harmless from any liability for payment thereof.

IN WITNESS WHEREOF, the undersigned have caused this Dismissal Agreement to be executed as of the dates listed below:

DAVID ESCH, et al., Plaintiff-Appellants,
By:

K..C. Engdahl, #17678
Ballew, Schneider, Covalt, Gaines & Engdahl, Attorneys at Law, P.C., L.L.O.
1625 Farnam Street, Suite 300
Omaha, NE 68102
(402) 934-9499
Attorney for Plaintiff-Appellants

Dated: 7-14-05 KCE

William J. Leone, Acting United States Attorney,
By:

Martha Paluch,
Assistant United States Attorney
1225 17th Street
Suite 700
Denver, CO 80202
Attorney for Defendant-Appellee

Dated: 7/14/05 MAP



9: 2/2

60/85

# EXHIBIT #10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 98-cv-02762-RPM

UNITED STATES OF AMERICA,
acting through the FARM SERVICE AGENCY,
UNITED STATES DEPARTMENT OF AGRICULTURE,

Plaintiff,

v.

PATRICK J. ESCH;
ARLENE K. ESCH;
DENNIS L. ESCH; and
KATHLEEN H. ESCH,

Defendants.

---

**STIPULATED SETTLEMENT AGREEMENT**

---

COME NOW Plaintiff United States of America, by and through the United States Attorney for the District of Colorado, and Defendants Patrick J. Esch, Arlene K. Esch, Dennis L. Esch, and Kathleen H. Esch, by and through their attorneys Ballew, Schneider, Covalt, Gaines & Engdahl LLO, and state as follows:

WHEREAS, on December 22, 1998, Plaintiff United States of America, acting through the Farm Service Agency, United States Department of Agriculture, filed this civil action in which the United States alleges that on July 10, 1984, L.J. Farms, a general partnership, executed and delivered three promissory notes payable to the United States of America.

Exhibit A "10"

10: 1/24

62/85

WHEREAS, Plaintiff United States alleges that Defendant Patrick J. Esch, Defendant Arlene K. Esch, Defendant Dennis L. Esch, and Defendant Kathleen H. Esch each executed each of the said promissory notes as a co-maker in his or her individual capacity.

WHEREAS, Plaintiff United States alleges that the three promissory notes executed on July 10, 1984, are in default.

THEREFORE, before the taking of any testimony upon the pleadings, without further adjudication of any issue of fact or law, and upon the consent of Plaintiff United States, Defendant Patrick J. Esch, Defendant Arlene K. Esch, Defendant Dennis L. Esch, and Defendant Kathleen H. Esch, by their authorized representatives and individually by each Defendant, it is hereby stipulated and agreed as follows:

## I. JURISDICTION

1. This Court has jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. §§ 1345 and 1331.

2. Defendant Patrick J. Esch resides in the State of Colorado.

3. Defendant Arlene K. Esch resides in the State of Colorado.

4. The three promissory notes that are the subjects of this civil action were executed in the State of Colorado and the proceeds of each promissory note were disbursed in the State of Colorado.

5. Venue is proper in the District of Colorado, pursuant to 28 U.S.C. §§ 1391(b)(2) and (b)(3).

## II. ADMITTED FACTS

6. On July 10, 1984, L.J. Farms, a general partnership, executed and delivered a promissory note in the original principal amount of $500,000 payable to the United States of America ("Promissory Note 1").

7. On July 10, 1984, L.J. Farms, a general partnership, executed and delivered a promissory note in the original principal amount of $235,030 payable to the United States of America ("Promissory Note 2").

8. On July 10, 1984, L.J. Farms, a general partnership, executed and delivered a promissory note in the original principal amount of $100,000 payable to the United States of America ("Promissory Note 3").

9. Patrick J. Esch signed Promissory Note 1, Promissory Note 2, and Promissory Note 3 as a co-maker in his individual capacity.

10. Arlene K. Esch signed Promissory Note 1, Promissory Note 2, and Promissory Note 3 as a co-maker in her individual capacity.

11. Dennis L. Esch signed Promissory Note 1, Promissory Note 2, and Promissory Note 3 as a co-maker in his individual capacity.

12. Kathleen H. Esch signed Promissory Note 1, Promissory Note 2, and Promissory Note 3 as a co-maker in her individual capacity.

13. In or about September, 2005, the United States Department of Agriculture notified Dennis L. Esch and Dennis Esch Farms, Inc., that the Farm Service Agency would use an administrative offset of a Conservation Reserve Program payment to be

received by Dennis Esch Farms, Inc., to collect a debt owed by Dennis L. Esch to the United States Department of Agriculture.

14. In or about September, 2005, the United States Department of Agriculture notified Kathleen H. Esch and Kathleen Esch Farms, Inc., that the Farm Service Agency would use an administrative offset of a Conservation Reserve Program payment to be received by Kathleen Esch Farms, Inc., to collect a debt owed by Kathleen H. Esch to the United States Department of Agriculture.

15. The United States Department of Agriculture collected approximately $35,327.00 in administrative offsets from Conservation Reserve Program payments to be received by Dennis Esch Farms, Inc., and Kathleen Esch Farms, Inc.

16. Dennis L. Esch and Dennis Esch Farms, Inc., requested a review of the United States Department of Agriculture's decision to use an administrative offset to collect a debt owed by Dennis L. Esch to the United States Department of Agriculture.

17. Kathleen H. Esch and Kathleen Esch Farms, Inc., requested a review of the United States Department of Agriculture's decision to use an administrative offset to collect a debt owed by Kathleen H. Esch to the United States Department of Agriculture.

18. Pursuant to the requests of Dennis L. Esch, Dennis Esch Farms, Inc., Kathleen H. Esch, and Kathleen Esch Farms, Inc., a consolidated hearing was held concerning the United States Department of Agriculture's use of administrative offsets.

19. On April 28, 2006, the Hearing Officer issued a determination that the United States Department of Agriculture could not use administrative offsets of Conservation Reserve Program payments to be received by Dennis Esch Farms, Inc., and Kathleen Esch Farms, Inc. to collect a debt owed by Dennis L. Esch and Kathleen H. Esch to the United States Department of Agriculture for the reason that Dennis L. Esch had transferred all of the stock of Dennis Esch Farms, Inc., to his son Scott Esch, and for the reason that Kathleen H. Esch had transferred all of the stock of Kathleen Esch Farms, Inc., to her son Scott Esch.

20. The United States Department of Agriculture requested a review by the Director, National Appeals Division, United States Department of Agriculture ("National Appeals Division"), of the Hearing Officer's April 28, 2006, determinations.

21. The United States Department of Agriculture's requests for the National Appeals Division to review the Hearing Officer's determination are assigned Case No. 2006W00434 and Case No. 2006W00435.

22. Case No. 2006W00434 and Case No. 2006W00435 are currently pending.

23. On August 7, 2006, Scott Esch transferred, pursuant to consideration received, all of the stock of Dennis Esch Farms, Inc., to Dennis L. Esch.

24. On August 7, 2006, Scott Esch transferred, pursuant to consideration received, all of the stock of Kathleen Esch Farms, Inc., to Kathleen H. Esch.

25. After the transfer of stock from Scott Esch to Dennis L. Esch, Scott Esch has no ownership interest in Dennis Esch Farms, Inc.

26. After the transfer of stock from Scott Esch to Kathleen H. Esch, Scott Esch has no ownership interest in Kathleen Esch Farms, Inc.

27. On September 29, 1999, a separate group of Esch siblings ("Esch Siblings") filed a civil action in this district entitled, *David Esch, Donald Esch, Judith Esch Brown, Paul Esch, Raymond Esch, Regina Worthington, General Partners Doing Business as Horsecreek Farms*, Civil Action No. 99-M-1896, in which the Esch Siblings challenged a certain decision of the United States Department of Agriculture concerning the use of administrative offsets. ("APA Review Case").

28. Prior to the Esch Siblings filing the APA Review Case in this district, the Esch Siblings had filed a civil action in the United States District Court for the District of Columbia which was entitled, *David Esch, Donald Esch, Judith Esch Brown, Paul Esch, Raymond Esch, Regina Worthington, General Partners Doing Business as Horsecreek Farms*, ("Washington, D.C. APA Review Case").

29. Pursuant to the Esch Siblings' motion, the Washington D.C. APA Review Case was transferred to this district and assigned Civil Action No. 00-M-957.

30. On July 16, 2004, the Court entered a Memorandum Opinion and Order in the Washington D.C. APA Review Case in which the Court affirmed the certain decision of the United States Department of Agriculture concerning the use of administrative offsets.

31. On July 19, 2004, a Judgment was entered in the Washington D.C. APA Review Case, pursuant to the Court's July 16, Memorandum Opinion and Order.

10: 6/24

32. On September 13, 2004, the Esch Siblings filed a Notice of Appeal in the Washington D.C. APA Review Case.

33. On July 26, 2005, the Esch Siblings dismissed their appeal in the Washington D.C. APA Review Case.

34. Thereafter, the Judgment in the Washington D.C. APA Review Case became final.

35. On October 4, 2004, the Court entered an Order on Cross Motions for Summary Judgment in the APA Review Case which resolved all remaining issues related to the Washington D.C. Review Case and the APA Review Case.

36. On October 6, 2004, a Judgment was entered in the APA Review Case, pursuant to the Court's October 4, 2004, Order on Cross Motions for Summary Judgment.

## III. SCOPE OF SETTLEMENT

37. This Stipulated Settlement Agreement shall constitute a complete and final settlement of all claims, causes of action, and demands of whatever nature that Plaintiff United States of America, acting through the Farm Service Agency, United States Department of Agriculture, has, had, or may have against Defendant Patrick J. Esch, Defendant Arlene K. Esch, Defendant Dennis L. Esch, Dennis Esch Farms, Inc., Defendant Kathleen H. Esch, and Kathleen Esch Farms, Inc., jointly and severally, arising from Promissory Note 1, Promissory Note 2, Promissory Note 3, and/or the facts

and events subject to National Appeals Division Case No. 2006W00434 and Case No. 2006W00435.

38. This Stipulated Settlement Agreement shall constitute a complete and final settlement of all claims, causes of action, counterclaims, and demands of whatever nature that Defendant Patrick J. Esch has, had, or may have against the United States of America, the United States Department of Agriculture, the Farm Service Agency, their agents, and/or employees, jointly and severally, arising from Promissory Note 1, Promissory Note 2, Promissory Note 3, and/or the facts and events that are the subject of the National Appeals Division Case No. 2006W00434 and Case No. 2006W00435.

39. This Stipulated Settlement Agreement shall constitute a complete and final settlement of all claims, causes of action, counterclaims, and demands of whatever nature that Defendant Arlene K. Esch has, had, or may have against the United States of America, the United States Department of Agriculture, the Farm Service Agency, their agents, and/or employees, jointly and severally, arising from Promissory Note 1, Promissory Note 2, Promissory Note 3, and/or the facts and events that are the subject of the National Appeals Division Case No. 2006W00434 and Case No. 2006W00435.

40. This Stipulated Settlement Agreement shall constitute a complete and final settlement of all claims, causes of action, counterclaims, and demands of whatever nature that Defendant Dennis L. Esch and Dennis Esch Farms, Inc., jointly and severally, have, had, or may have against the United States of America, the United States Department of Agriculture, the Farm Service Agency, their agents, and/or

employees, jointly and severally, arising from Promissory Note 1, Promissory Note 2, Promissory Note 3, and/or the facts and events that are the subject of National Appeals Division Case No. 2006W00434 and Case No. 2006W00435.

41. This Stipulated Settlement Agreement shall constitute a complete and final settlement of all claims, and causes of action, counterclaims, and demands of whatever nature that Kathleen H. Esch and Kathleen Esch Farms, Inc., jointly and/or severally, have, had, or may have against the United States of America, the United States Department of Agriculture, the Farm Service Agency, their agents, and/or employees, jointly and severally, arising from Promissory Note 1, Promissory Note 2, Promissory Note 3, and/or the facts and events that are the subject of National Appeals Division Case No. 2006W00434 and Case No. 2006W00435.

42. The terms and conditions of this Stipulated Settlement Agreement are the entire terms and conditions of the parties' agreement and no other rules and regulations such as those of the Farm Service Agency and/or the Farm Loan Program shall apply to the terms and conditions of this Stipulated Settlement Agreement.

43. The parties shall each bear their own costs and attorneys' fees related to this civil action and related to the National Appeals Division Case No. 2006W00434 and Case No. 2006W00435.

44. Each and every term and condition of this Stipulated Settlement Agreement is deemed to be and is a material provision of this Stipulated Settlement Agreement.

10: 9/24

## IV. SPECIFIC PROVISIONS

### A. Dollar Settlement Amount

45. The total dollar consideration for this Stipulated Settlement Agreement is $220,327 which amount is composed of the following:

A. $185,000; and

B. $35,327 in administrative offsets previously collected from Dennis Esch Farms, Inc., and Kathleen Esch Farms, Inc.

46. Defendant Patrick J. Esch, Defendant Arlene K. Esch, Defendant Dennis L. Esch, and Defendant Kathleen H. Esch, jointly and severally, shall pay the United States:

A. $15,000 within 15 days of the filing of this Stipulated Settlement Agreement with the Court;

B. $170,000 in 5 equal yearly payments of $34,000;

C. The first yearly payment shall be and is due on or before November 1, 2007;

D. Each yearly payment thereafter shall be due and owing on or before November 1 of each following year.

47. Defendant Patrick J. Esch, Defendant Arlene K. Esch, Defendant Dennis L. Esch, and Defendant Kathleen H. Esch shall make the above-referenced payments by FedWire Electronic Funds Transfer ("EFT" or wire transfer) to the United States Department of Justice account in accordance with current electronic funds transfer procedures, referencing Civil Action No. 98-cv-02762-RPM and USAO Case Number 1996V02460. Each payment shall be made in accordance with instructions provided to

Defendants by the Financial Litigation Unit of the United States Attorney's Office for the District of Colorado. Any payments received by the United States Department of Justice after 4:00 p.m. (Eastern Standard Time) will be credited on the next business day.

48. Upon payment of each payment required by this Stipulated Settlement Agreement, the Defendants shall provide written notice to Plaintiff United States, the United States Department of Agriculture, and the Farm Service Agency, at the addresses specified in Section V. D of this Stipulated Settlement Agreement, that such payment was made in accordance with this Stipulated Settlement Agreement.

**B. Consent Judgment**

49. A Consent Judgment shall be prepared and executed by Defendant Patrick J. Esch, Defendant Arlene K. Esch, Defendant Dennis L. Esch, and Defendant Kathleen H. Esch, jointly and severally.

50. The Consent Judgment shall be in the amount of $583,881.46.

51. In the event that Defendants, jointly and severally, fulfill each and every term and condition of this Stipulated Settlement Agreement, the Consent Judgment shall not be filed with the Court.

**C. National Appeals Division Cases**

52. Defendant Dennis L. Esch, Dennis Esch Farms, Inc., Defendant Kathleen H. Esch, and Kathleen Esch Farms, Inc., jointly and severally, stipulate and agree to withdraw their challenges to the Farm Service Agency's use of administrative offsets

from Conservation Reserve Program payments that have been received by Dennis Esch Farms, Inc., and Kathleen Esch Farms, Inc., to collect a debt owed by Dennis L. Esch and/or Kathleen H. Esch to the United States Department of Agriculture that is currently pending as Case No. 2006W000434 and Case No. 2006W000435 with the National Appeals Division.

53. Defendant Dennis L. Esch, Dennis Esch Farms, Inc., Defendant Kathleen H. Esch, and Kathleen Esch Farms, Inc., jointly and severally, stipulate and agree to file any and all documents to effectuate the termination of Case No. 2006W000434 and Case No. 2006W000435 currently pending with the National Appeals Division in such a manner as to affirm and validate the Farm Service Agency's use of administrative offsets from Conservation Reserve Program payments to be received by Dennis Esch Farms, Inc., and Kathleen Esch Farms, Inc., to collect a debt owed by Dennis L. Esch and/or Kathleen H. Esch to the United States Department of Agriculture.

**D. Assignments of United States Department of Agriculture Program Payments**

54. Defendant Patrick J. Esch hereby assigns and agrees to execute an assignment and all other documents and forms that are deemed necessary to assign his, Patrick Farms, Inc.'s, and any other of Patrick J. Esch's corporations', companies' and/or entities' United States Department of Agriculture program payments to the Farm Service Agency for the purpose of securing the yearly payments required to be made pursuant to this Stipulated Settlement Agreement.

55. Defendant Arlene K. Esch hereby assigns and agrees to execute an assignment and all other documents and forms that are deemed necessary to assign her, Arlene Esch Farms, Inc.'s, and any other of Arlene K. Esch's corporations', companies' and/or entities' United States Department of Agriculture program payments to the Farm Service Agency for the purpose of securing the yearly payments required to be made pursuant to this Stipulated Settlement Agreement.

56. Defendant Dennis L. Esch hereby assigns and agrees to execute an assignment and all other documents and forms that are deemed necessary to assign his, Dennis Esch Farms, Inc.'s, and any other of Dennis L. Esch's corporations', companies' and/or entities' United States Department of Agriculture program payments to the Farm Service Agency for the purpose of securing the yearly payments required to be made pursuant to this Stipulated Settlement Agreement.

57. Defendant Kathleen H. Esch hereby assigns and agrees to execute an assignment and all other documents and forms that are deemed necessary to assign her, Kathleen Esch Farms, Inc.'s, and any other of Kathleen H. Esch's corporations', companies' and/or entities' and her corporations' and/or her companies' United States Department of Agriculture program payments to the Farm Service Agency for the purpose of securing the yearly payments required to be made pursuant to this Stipulated Settlement Agreement.

58. Defendant Patrick J. Esch, Defendant Arlene K. Esch, Defendant Dennis L. Esch, and Defendant Kathleen H. Esch, each stipulate and agree that they, jointly and

severally, shall not assign and/or transfer to any person, corporation, company, association and/or entity of whatever nature, the United States Department of Agriculture program payments that they and/or their corporations', companies', and/or entities', jointly and/or severally, currently receive or may receive in the future until such time as this Stipulated Settlement Agreement is fully and completely satisfied or, in the event that the Consent Judgment is filed in a separate civil action, until such time as the Consent Judgment is satisfied.

59. Defendant Patrick J. Esch, Defendant Arlene K. Esch, Defendant Dennis L. Esch, and Defendant Kathleen H. Esch, each stipulate and agree that in the event that a yearly payment required by this Stipulated Settlement Agreement is not timely made, the United States Department of Agriculture, the Farm Service Agency, and/or the Farm Loan Program may, in their sole discretion, administratively offset the amount of such unpaid yearly payment that is required by this Stipulated Settlement Agreement from any United States Department of Agriculture program payment that is to be received by Defendant Patrick J. Esch, Patrick Esch Farms, Inc., Defendant Arlene K. Esch, Arlene Esch Farms, Inc., Defendant Dennis L. Esch, Dennis Esch Farms, Inc., Defendant Kathleen H. Esch, Kathleen Esch Farms Inc., and/or any corporation, company or other entity in which any of the aforementioned individuals and/or corporations have an interest and/or may have an interest in the future.

60. Defendant Patrick J. Esch, Defendant Arlene K. Esch, Defendant Dennis L. Esch, and Defendant Kathleen H. Esch, each stipulate and agree that in the event that



10: 24

75
85

the Consent Judgment is filed in a separate civil action, the United States Department of Agriculture, the Farms Service Agency, and/or the Farm Loan Program may, in their sole discretion, administratively offset any United States Department of Agriculture program payment that is to be received by Defendant Patrick J. Esch, Patrick Esch Farms, Inc., Defendant Arlene K. Esch, Arlene Esch Farms, Inc., Defendant Dennis L. Esch, Dennis Esch Farms, Inc., Defendant Kathleen H. Esch, Kathleen Esch Farms Inc., and/or any corporation, company or other entity in which any of the aforementioned individuals and/or corporations have an interest and/or may have an interest in the future until such time as the Consent Judgment is satisfied.

**E. Administrative Offsets**

61. Plaintiff United States, the United States Department of Agriculture and the Farm Services Agency shall take what actions are necessary to cause the Social Security Administration to terminate any and all setoffs related to payments received by Defendant Patrick J. Esch, Defendant Arlene K. Esch, Defendant Dennis L. Esch, and Defendant Kathleen H. Esch.

62. Plaintiff United States, the United States Department of Agriculture, and the Farm Services Agency shall take what actions are necessary to cause the United States Department of Agriculture, the Farm Service Agency, and/or the Farm Loan Program to terminate any and all administrative offsets related to United States Department of Agriculture program payments received by Defendant Patrick J. Esch,



10:24

76/85

Defendant Arlene K. Esch, Defendant Dennis L. Esch, Dennis Esch Farms, Inc., Defendant Kathleen H. Esch and Kathleen Esch Farms, Inc.

**F. Releases**

63. Upon the full and complete satisfaction by all Defendants of this Stipulated Settlement Agreement, Plaintiff United States, the United States Department of Agriculture, and the Farm Service Agency release Defendant Patrick J. Esch, Defendant Arlene K. Esch, Defendant Dennis L. Esch, and Defendant Kathleen H. Esch, jointly and severally, from all claims, causes of action, and demands of whatever nature that Plaintiff United States of America, acting through the Farm Service Agency, United States Department of Agriculture, has, had, or may have against Defendant Patrick J. Esch, Defendant Arlene K. Esch, Defendant Dennis L. Esch, Dennis Esch Farms, Inc., Defendant Kathleen H. Esch, and Kathleen Esch Farms, Inc., jointly and severally, arising from Promissory Note 1, Promissory Note 2, Promissory Note 3, and/or the facts and events that are the subject of National Appeals Division Case No. 2006W00434 and Case No. 2006W00435.

64. Upon the full and complete satisfaction by Plaintiff United States, the United States Department of Agriculture and the Farm Service Agency of this Stipulated Settlement Agreement, Defendant Patrick J. Esch, Defendant Arlene K. Esch, Defendant Dennis L. Esch, Dennis Esch Farms, Inc., Defendant Kathleen H. Esch, and Kathleen Esch Farms, Inc., jointly and severally, release the United States from all claims, causes of action, counterclaims, and demands of whatever nature that

Defendant Patrick J. Esch, Defendant Arlene K. Esch, Defendant Dennis L. Esch, Dennis Esch Farms, Inc., Defendant Kathleen H. Esch, and Kathleen Esch Farms, Inc., jointly and severally, have, had, or may have against the Plaintiff United States, the United States Department of Agriculture, and the Farm Service Agency, their agents, and/or their employees, jointly and severally, arising from Promissory Note 1, Promissory Note 2, Promissory Note 3, and/or the facts and events that are the subject of National Appeals Division Case No. 2006W00434 and Case No. 2006W00435.

## V. ENFORCEMENT PROVISIONS

### A. Violations of the Stipulated Settlement Agreement by Defendants

65. In the event that Defendant Patrick J. Esch, Defendant Arlene K. Esch, Defendant Dennis L. Esch, and Defendant Kathleen H. Esch, jointly and severally, violate any of the terms and conditions of this Stipulated Settlement Agreement, Plaintiff United States shall notify in writing Defendant Patrick J. Esch, Defendant Arlene K. Esch, Defendant Dennis L. Esch, and Defendant Kathleen H. Esch, at the addresses specified in Section V. D of this Stipulated Settlement Agreement, of the violation(s) of the terms and conditions of this Stipulated Settlement Agreement.

66. Receipt of the notice of violation(s) referred to in this Stipulated Settlement Agreement by any one of Defendants shall be deemed notice to all Defendants.

67. Defendant Patrick J. Esch, Defendant Arlene K. Esch, Defendant Dennis L. Esch, and/or Defendant Kathleen H. Esch shall have 30 days from the date of the

notice of violation(s) referred to in this Stipulated Settlement Agreement to cure the stated violation(s) of this Stipulated Settlement Agreement.

68. In the event, that the stated violation(s) is not cured within 30 days of the date of the notice referred to in this Stipulated Settlement Agreement, Plaintiff United States will initiate a separate civil action in the United States District Court for the District of Colorado and file the Consent Judgment.

69. In the event that the Consent Judgment is filed in a separate civil action, Defendant Patrick J. Esch, Defendant Arlene K. Esch, Defendant Dennis L. Esch, and Defendant Kathleen H. Esch, jointly and severally, waive any and all defenses to the entry of the Consent Judgment.

70. In the event that the Consent Judgment is filed with the court, Plaintiff United States will thereafter file a pleading setting forth the amount, if any, that has been paid by Defendants, pursuant to this Stipulated Settlement Agreement, and will move for an order reducing the amount of the Consent Judgment by the amount, if any, that has been paid by Defendants, pursuant to this Stipulated Settlement Agreement.

71. The Consent Judgment shall not be filed unless and until Defendant Patrick J. Esch, Defendant Arlene K. Esch, Defendant Dennis L. Esch, and Defendant Kathleen H. Esch, jointly and/or severally, violate any of the terms and conditions of this Stipulated Settlement Agreement and fail to timely cure such violation(s).

**B. Violations of the Stipulated Settlement Agreement by Plaintiff**

72. In the event that Plaintiff United States, the United States Department of Agriculture, and/or the Farms Service Agency violate any of the terms and conditions of this Stipulated Settlement Agreement, Defendants shall notify in writing Plaintiff United States, the United States Department of Agriculture, and the Farm Service Agency, at the addresses specified in Section V. D of this Stipulated Settlement Agreement, of the violation(s) of the terms and conditions of this Stipulated Settlement Agreement.

73. In the event that Plaintiff United States, the United States Department of Agriculture, and/or the Farm Service Agency violate any of the terms and conditions of this Stipulated Settlement Agreement, Defendants are required to notify Plaintiff United States, the United States Department of Agriculture, and the Farm Service Agency individually and separately.

74. Plaintiff United States, the United States Department of Agriculture, and/or the Farm Service Agency shall have 45 days from the date of the notice of violation(s) referred to in this Stipulated Settlement Agreement to cure the stated violation(s) of this Stipulated Settlement Agreement.

75. In the event, that the stated violation(s) is not cured within 45 days of the date of the notice referred to in this Stipulated Settlement Agreement, Defendants, jointly and severally, may institute suit in the United States District Court for the District of Colorado to enforce this Stipulated Settlement Agreement.

**C. Civil Action to Enforce this Stipulated Settlement Agreement**

76. The parties stipulate and agree that this Court shall not retain jurisdiction to enforce this Stipulated Settlement Agreement.

77. The parties stipulate and agree that in the event that this Stipulated Settlement Agreement is violated that a separate civil action may be filed in the United States District Court for the District of Colorado for the purpose of enforcing the terms and conditions of this Settlement Agreement.

78. The parties stipulate and agree that any separate civil action filed to enforce this Stipulation of Settlement must be brought in the United States District Court for the District of Colorado.

79. Should any party be required to bring legal action to enforce this Settlement Agreement, the party instituting legal action, if the prevailing party, shall be entitled to reasonable attorneys' fees and costs.

**D. Addresses**

80. In the event that Defendants are required, pursuant to this Stipulated Settlement Agreement, to notify Plaintiff United States, the United States Department of Agriculture and the Farm Service Agency, Defendants shall use the following addresses:

A. United States of America:

Chief, Civil Division
Attn: Stephen D. Taylor, Esq.
United States Attorney's Office
1225 Seventeenth Street
Suite 700
Denver, CO 80202



10: 20/24

81/85

C. Farm Service Agency:

Colorado Farm Service Agency
Attn: Mr. Scott Miller
Farm Loan Specialist
655 Parfet
Suite E-305
Lakewood, CO 80215

81. In the event that Plaintiff United States is required, pursuant to this Stipulated Settlement Agreement, to notify Defendants, Plaintiff United States shall use the following addresses:

A. Patrick J. Esch
717 Colorado Street
Springfield, CO 81073

B. Arlene K. Esch
717 Colorado Street
Springfield, CO 81073

C. Dennis L. Esch
2006 N 101st Circle
Omaha NE 68134-5516

D. Kathleen H. Esch
2006 N 101st Circle
Omaha NE 68134-5516

**D. Other Provisions**

82. This Stipulated Settlement Agreement shall not be considered consummated and shall be of no force and effect until filed with the Court.

83. Contemporaneously with the filing of this Stipulated Settlement Agreement with the Court, the parties shall file a Stipulation of Dismissal which shall provide that this civil action shall be dismissed with prejudice, each party to bear their own costs and attorneys' fees.



10: 24

82/85

WILLIAM J. LEONE
United States Attorney

STEPHEN D. TAYLOR
Assistant U.S. Attorney
1225 Seventeenth Street
Suite 700
Denver, CO 80202

Telephone: (303) 454-0100
Fax: (303) 454-0408
E-mail: stephen.taylor@usdoj.gov
Counsel for Plaintiffs

UNITED STATES DEPARTMENT
OF AGRICULTURE

LEWIS A. FRANK
State Executive Director
Farm Service Agency
655 Parfet Street
Suite E 305
Lakewood, CO 80215

BALLEW SCHNEIDER COVALT
GAINES & ENGDAHL LLP

17678

K.C. ENGDAHL, ESQ.
1625 Farnam Street
Suite 300
Omaha, NE 68102

Telephone: (402) 934-9499
Fax: (402) 934-7730
E-mail: kc@bsclawfirm.com
Counsel for Defendants

PATRICK J. ESCH
717 Colorado Street
Springfield, CO 81073
Defendant

ARLENE K. ESCH
717 Colorado Street
Springfield, CO 81073
Defendant

DENNIS L. ESCH
2006 N 101st Circle
Omaha NE 68134-5516
Defendant

KATHLEEN H. ESCH
2006 N 101st Circle
Omaha NE 68134-5516
Defendant

10: 23/24

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on August , 2006, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following e-mail addresses:

K.C. Engdahl, Esq. kc@bsclawfirm.com

/s/Stephen D. Taylor
STEPHEN D. TAYLOR
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0408
stephen.taylor@usdoj.gov

Counsel for Plaintiff



10:24

85/85