IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TIMOTHY ESCH, PAUL ESCH, DAVID ESCH, REGINA WORTHINGTON, RAYMOND ESCH, JUDY ESCH BROWN, DONALD ESCH, and L J FARMS, a Partnership, | ) | |
| Plaintiffs, | ) | No. 06-658C (Judge Braden) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFFS' RESISTANCE TO
DEFENDANT'S MOTION TO DISMISS AND BRIEF IN SUPPORT THEREOF

Pursuant to Rule 7.1 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits its reply to "Plaintiffs' Resistance to Defendant's Motion to Dismiss and Brief in Support Thereof" ("Pls. Br.").

## INTRODUCTION

In our motion to dismiss for lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted, we demonstrated that plaintiffs' complaint is barred by res judicata and the statute of limitations.

Plaintiffs' response does little to resuscitate its complaint. Plaintiffs contend that this Court was precluded from reaching a judgment upon the merits in the identical lawsuit they filed in 2000 because that suit was barred at the time they brought it by 28 U.S.C. § 1500 as they had earlier filed the same claim in a United States district court. As we demonstrate below, even assuming that plaintiffs' argument that section 1500 applied were correct – which it is not because plaintiffs sought different relief – plaintiffs' claim would equally be barred by the res judicata effect of the district court's judgment against them upon the merits.

Further, plaintiffs contend that section 1500 equitably tolls the six-year statute of limitations. As we demonstrate below, even if section 1500 applied to this case, plaintiffs' argument would be foreclosed because applying equitable tolling would eviscerate the purpose of section 1500 to force plaintiffs to elect between bringing their claims in district court or this Court. Conversely, if section 1500 did not apply to bar a simultaneous suit in this Court and in the district court, clear Federal Circuit precedent demonstrates that equitable tolling should not be applied.

Plaintiffs' complaint should be dismissed.

## ARGUMENT

### I. The Standard Of Review For A Motion To Dismiss Pursuant to RCFC 12(b)(6) Has Changed

In our motion to dismiss, we cited cases for the proposition that "[t]he Court will grant a motion [to dismiss] only when it is clear that the plaintiff can prove no set of facts that would entitle the plaintiff to relief." Defs. Mot. To Dismiss for Lack of Subject-Matter Jurisdiction And For Failure to State A Claim Upon Which Relief May Be Granted ("Defs. Mot."), at 5. Since we filed our motion, the Supreme Court of the United States has discarded this standard of review in favor of a more stringent standard for surviving a motion to dismiss. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007), abrogating Conley v. Gibson, 355 U.S. 41 (1957). Under Bell Atlantic, plaintiffs must now plead sufficiently detailed and "plausible" facts to support a claim. See id. at 1974 (although heightened pleading is not required, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face."). This change has little bearing upon our motion to dismiss because, as we discuss below, plaintiffs' claims are barred by res judicata and the statute of limitations under any standard.

II. Plaintiffs' Claim Is Barred By Res Judicata

Plaintiff's complaint is barred by the res judicata effect of this Court's 2001 judgment in No. 00-529C, an identical case that this Court dismissed upon the merits. See Defs. Mot. at 6-7. In that case, this Court clearly found that the same claims failed upon the merits because the settlement agreement that plaintiffs allege the Government breached "bars plaintiffs from prosecuting the claims they brought here." Esch v. United States, 49 Fed. Cl. 631, 634 (Fed. Cl. 2001).

In response, plaintiffs claim that this Court's prior decision is not res judicata because this Court lacked jurisdiction over their claim in the 2000 action because of 28 U.S.C. § 1500 by virtue of an identical pending claim in the United States District Court for the District of Colorado. Plaintiffs are mistaken. The simple and sufficient answer to plaintiffs' argument is that this Court possessed subject matter jurisdiction, notwithstanding section 1500, because, as this Court recognized, the relief plaintiffs sought in their district court action differed from the relief they sought in this Court. See id.; see also Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1551 (Fed. Cir. 1994) ("For the Court of Federal Claims to be precluded from hearing a case under § 1500, the claim pending in another court must arise from the same operative facts, and must seek the same relief."). Plaintiffs waived their opportunity to challenge this Court's dismissal upon appeal. U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship, 513 U.S. 18, 22-29 (1994). Accordingly, this Court's 2001 determination of jurisdiction is not subject to collateral attack here. See id.

Further, even if 28 U.S.C. § 1500 had barred this Court from asserting jurisdiction over plaintiffs' 2000 action because of the pending district court litigation, the district court litigation

– which plaintiffs lost on the merits – would necessarily also bar plaintiffs' current suit under the principles of res judicata. In the district court litigation, plaintiffs sought judicial review of the very same administrative action that they challenge as a breach of contract here. Esch v. Veneman, No. 00-M-957, slip op. (D. Col. Jul. 16, 2004). If, as plaintiffs claim, plaintiffs' district court suit precluded this Court from exercising jurisdiction over plaintiffs' 2000 suit in this Court because the suits involved the same claims and same relief, plaintiffs' loss on the merits of their district court suit bars this third action because "ordinary rules of res judicata . . . apply" to a subsequent suit in this Court. U.N.R. Industries, Inc. v. United States, 962 F.2d 1013 (Fed. Cir. 1992) Because the district court suit involved identical parties, resulted in an earlier judgment upon the merits, and was based upon the same transactional facts as the present suit, res judicata clearly applies. Mayer/Berkshire Corp. v. Berkshire Fashions, Inc., 424 F.3d 1229, 1232 (Fed. Cir. 2005).

III. Plaintiffs' Claim Is Barred By The Statute Of Limitations

Plaintiffs contend that "filing a claim within the applicable statute of limitations is not jurisdictional." Pls. Br. At 15. Although plaintiffs cite Bolduc v. United States, 72 Fed. Cl. 187 (2006), for the proposition that 28 U.S.C. § 2501 is not jurisdictional, we respectfully submit that Bolduc is a single aberration from the courts' long-time understanding – both prior to and after Bolduc – that the statute of limitations of 28 U.S.C. § 2501 is a jurisdictional condition upon the United States' waiver of sovereign immunity. See Bianchi v. United States, 475 F.3d 1268, 1274 (Fed. Cir. 2007); Hart v. United States, 910 F.2d 815 (Fed. Cir. 1990). Although plaintiffs cite to what they claim are "numerous other Federal Circuit cases that explicitly emphasize that the running of the statute of limitations is properly a RCFC 12(b)(6) claim and not a RCFC

12(b)(1) claim," plaintiffs ignore the recent decision of the en banc court that squarely addressed the principle case upon which plaintiffs rely, Irwin v. Dep't of Veterans Affairs, 498 U.S. 89 (1990), and concluded that "[i]t is well established that statutes of limitations for causes of action against the United States, being conditions on the waiver of sovereign immunity, are jurisdictional in nature." Martinez v. United States, 333 F.3d 1295, 1316 (Fed. Cir. 2003) (en banc); see also John R. Sand & Gravel Co. v. United States, 457 F.3d 1345, 1353-56 (Fed. Cir. 2006) (squarely rejecting arguments similar to plaintiffs' and concluding that section 2501 is jurisdictional). Although the Supreme Court, on May 29, 2007, granted a writ of certiorari in John R. Sand & Gravel Co. to consider the issue, 2007 WL 594691 (U.S. May 29, 2007), the Court of Appeals' decision in that case and the en banc decision in Martinez – which are hardly "drive-by jurisdictional rulings," see Pls. Br. at 17 – remain controlling.

In any event, the jurisdictional question before the Supreme Court makes no difference in this case. Plaintiffs contend that equitable tolling should be applied to permit this case to be filed outside of the statute of limitations because plaintiffs could not file suit in this Court as a result of 28 U.S.C. § 1500. As the Supreme Court has recognized, however, allowing a subsequent suit to be brought in the Court of Federal Claims after it has been dismissed upon the merits by a district court would eviscerate the very purpose of section 1500. Keene Corp. v. United States, 508 U.S. 200, 213-14 (1994), affirming U.N.R. Industries, 962 F.2d at 1021 (section 1500 was enacted to "force plaintiffs to choose between pursuing their claims in the Court of Claims or in another court."). Thus, assuming for the sake of argument that section 1500 precluded plaintiffs from maintaining simultaneous actions in this Court and the district

court, plaintiffs cannot point to section 1500 as a reason for allowing equitable tolling in this case.

Indeed, the Federal Circuit's decision in Loveladies Harbor strongly indicates that section 1500 does not provide a ground for tolling the statute of limitations. In Loveladies Harbor, in holding that a claim based upon the same operative facts but seeking different relief could be filed simultaneously in both this Court and district court, the Federal Circuit expressly relied upon the fact that "[i]t may not always be possible because of the statute of limitations for a plaintiff to wait for the regulatory challenge case to be finally concluded before filing in the Court of Federal Claims." 27 F.3d at 1555. Subsequently, both the Federal Circuit and this Court have ruled that section 1500 does not equitably toll the statute of limitations. Creppel v. United States, 41 F.3d 627, 633 (Fed. Cir. 1994); Bianchi v. United States, 68 Fed. Cl. 442, 457 (2005) (holding that the statute of limitations was not tolled during pendency of a district court case when section 1500 prevented plaintiff from filing during the six-year period), aff'd in part and rev'd in part upon other grounds, 475 F.3d 1268 (Fed. Cir. 2007). Even in Bolduc v. United States, upon which plaintiffs rely, the Court refused to apply equitable tolling.

Nor is George F. Miller Farms, Ltd. v. United States, 27 Fed. Cl. 672 (1993), to the contrary. In George F. Miller Farms, equitable tolling was allowed because section 1500 applied to prevent plaintiffs from maintaining an action in this Court and because "plaintiffs did everything possible to preserve their claims," filing their second complaint in this Court shortly after the Federal Circuit issued its holding in U.N.R. that section 1500 required them to elect between fora. In the present case, assuming that section 1500 applies, the Federal Circuit's

holding in U.N.R., affirmed by the Supreme Court in Keene, was well-established at the time plaintiffs elected to file in the district court.

Further, plaintiffs waited two years after the district court's dismissal of their claim seeking judicial review under the Administrative Procedure Act to file their action in this case. To the extent that plaintiffs claim that a case filed by the United States against different parties – settled in 2006 – also invoked section 1500, plaintiffs offer no argument or explanation to demonstrate how this is so.

## CONCLUSION

For the foregoing reasons, and for the reasons states our motion to dismiss, the Court should dismiss plaintiffs' complaint for lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted.

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Mark A. Melnick by Deborah A. Bynum
MARK A. MELNICK
Assistant Director

s/ Brian T. Edmunds
BRIAN T. EDMUNDS

Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street NW
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Brian.Edmunds@usdoj.gov
Tel: (202) 616-8253
Fax: (202) 309-0972

July 9, 2007

Attorneys for Defendant[1]

---

[1] The Department of Justice wishes to recognize the significant contributions of Michelle Monteiro, a law student at Georgetown University and a summer intern at the Department of Justice, to this brief.

CERTIFICATE OF FILING

I hereby certify that on July 9, 2007, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFFS' RESISTANCE TO DEFENDANT'S MOTION TO DISMISS AND BRIEF IN SUPPORT THEREOF" was filed electronically. Parties may access this filing through the Court's electronic filing system.

s/ Brian T. Edmunds